SHANNON and Others *v.* DUNN and Another.

It is no answer to a plea of the statute of limitations to a writ of error, that, within five years next after one of the plaintiffs had arrived at full age, the writ was prosecuted.

ERROR to the *Jefferson* Circuit Court.

BLACKFORD, J.—The defendants in error have pleaded the statute of limitations in bar of the writ of error in this case. Replication, that within five years next after said *Edward Shannon*, one of said plaintiffs, had attained to the full age of twenty-one years, said writ of error was prosecuted; and this, &c. General demurrer to the replication and joinder.

May Term,
1846.

SHANNON
v.
DUNN.

Monday,
July 20.

The statute of limitations of 1838, which governs this case, enacts, that "no writ of error shall be brought after the expiration of five years from the rendition of the judgment or decree complained of, unless the *plaintiff in error* shall have been, at the time when such judgment or decree was made, an infant, feme covert, non compos mentis, imprisoned, or out of the limits of the *United States* on public business, in which case the five years shall be computed from the time when such disability ceased." R. S. 1838, p. 205 (1).

We think the replication is bad under this statute, because it does not show that all the plaintiffs were authorized to sue out the writ of error.

The statute of limitations of *James* 1, enacts, " that if any *person* or *persons* that is or shall be entitled to any such action, &c., be or shall be at the time of any such cause of action within the age of twenty-one years, feme covert, non compos mentis, imprisoned, or beyond the seas, then such person or persons shall be at liberty to bring the same action, so as they take the same within such times as are before limited after their coming to or being of full age, discovert, of sane memory, at large, and returned from beyond the seas, as other persons having no such impediments should have done." It has been decided, on this statute of *James* 1, that if one of several intended plaintiffs be abroad, and the others in *England*, the action must be brought within six years after the cause of action arises. *Perry et al.* v. *Jackson et al.* 4 T. R. 516 (2). The decision just referred to is relied on, in a similar case, by the Supreme Court of the *United States*, and its authority recognized and followed. *Marsteller et al.* v. *M'Clean*, 7 Cranch, 156.

Our statute of 1838 and the statute of *James* 1 must be considered substantially the same, so far as the question before us is concerned. The words *person* or *persons* in the

*English* statute, and the words *plaintiff in error* in ours, mean that all the persons who are plaintiffs must be entitled to sue.

We are aware that the case of *Wilkins et al.* v. *Philips*, 3 Ohio R. 49, cannot be reconciled with this opinion.

The demurrer to the replication is sustained (3).

*Per Curiam.*—The plaintiffs are barred of their writ of error, with costs.

*S. C. Stevens* and *M. G. Bright*, for the plaintiffs.

*J. G. Marshall*, for the defendants.

(1) The act on the subject is substantially the same in the R. S. of 1824, 1831, 1838, and 1843.

(2) A distinction, however,.has been made on this subject between a co-plaintiff and a co-defendant. In a late *English* case in which *Perry et al.* v. *Jackson et al.*, cited in the text, is recognized as law, it is held that where one of several persons, against whom there is a joint cause of action, is beyond seas when the cause of action arises, the action may be brought within six years after the return of such person, by virtue of the statute of 4 *Anne*. *Fannin* v. *Anderson*, in *Q. B.* 4 N. Y. L. Obs. 122.

(3) The cases of *Markle et al.* v. *Rapp's Heirs* and *Brush et al.* v. *Babbitt* were decided at this term in accordance with the decision in the text.