Nov. Term, 1846.

HOUGH
v.
CANBY.

---

## HOUGH and Others *v.* CANBY.

Process should be served on infant defendants in chancery in the same manner as if they were adults; and to enable them to plead, answer, or demur, a guardian *ad litem* for them should be appointed.

A decree in chancery against infant defendants, without proof of the matters alleged in the bill, is erroneous.

A bill in chancery to enforce a vendor's lien on real estate should fully describe the contract of sale, and aver the non-payment of the purchase-money.

ERROR to the *Jefferson* Circuit Court.

DEWEY, J.— *Canby* brought a bill in equity against the heirs of *Orson E. Hough* on a contract of sale of a certain lot of ground, made by *Orson E. Hough* and the complainant. The object of the bill was to enforce the vendor's lien. The defendants were minors. It does not appear that process was served upon them. On the filing of the bill, the Court appointed a guardian *ad litem* for the defendants. The guardian appeared, but did not answer. The Court for want of a defence (no evidence being adduced on either side) decreed a sale of the premises contracted to be sold, and appointed a commissioner to make the sale, &c.

This decree is erroneous. Process should have been served upon the infant defendants in the same manner as if they had been adults. 1 Smith's Ch. Pr. 146. And to enable them to plead, answer, or demur, an assignment of a guardian was necessary. *Id.* 255. It was irregular, according to the *English* practice, to assign a guardian for the infants before ser-

Monday,
*December* 21.

Nov. Term, 1846.

vice of process upon themselves. But we do not mean to say that, under our practice, it is essential that the service of process should precede the appointment of a guardian; the record however must show both to have been done. Such not being the fact in the cause before us, it was erroneous to proceed to a decree.

It was also erroneous to decree against infants without proof of the matters alleged in the bill. *Hough et al.* v. *Doyle,* at this term.

It should be remarked that the bill is defective for not setting out the contract of sale with sufficient fulness, and for not averring that the purchase-money was not paid.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*O. H. Smith* and *T. L. Sullivan,* for the plaintiffs.