BABBITT *v.* DOE on the demise of BRUSH and Others.

An order for the sale of real estate upon an administrator's petition for
the non-payment of debts, is a nullity, where it appears by the record
that the heirs did not receive actual or constructive notice of the suit;
and a sale under such an order is void.

Nov. Term,
1853.

BABBITT
v.
DOE.

The sale not being merely erroneous but void, ejectment will lie against the purchaser, without any proceeding to reverse the order.

The term "competent jurisdiction," as employed in s. 27, c. 29, R. S. 1843, means jurisdiction of the person as well as of the subject-matter. That section only operates prospectively.

*Tuesday, November 29.*

ERROR to the *Franklin* Circuit Court.

DAVISON, J.—Ejectment for a tract of land in *Franklin* county. The cause was submitted to the Court. Judgment was given for the plaintiff below.

Upon the trial it was shown that *Edward Brush*, on the 11th of *August*, 1826, died seized of the premises in dispute, leaving *Ann Brush*, his widow, and the following named children and heirs at law, viz., *Elma Brush, Shadrach Brush, Rebecca Brush, Joseph Brush*, and *Mary Brush*, who, with *John L. Hoyt*, the husband of the said *Rebecca*, are the plaintiff's lessors. At the death of their father the said heirs were all minors, the oldest of them not more than twelve years of age. Within a short period after the death of *Edward Brush*, his widow and children removed to the state of *Connecticut*, where they have ever since resided.

The plaintiff having proved that the defendant was in possession of said premises, rested.

The defendant claimed title under a deed made by *Andrew S. Babbitt*, administrator of the decedent, pursuant to an order of the *Franklin* Circuit Court. The records of that Court show that at the *March* term, 1827, the administrator appeared and filed an inventory of the real estate of said deceased, and thereupon suggested the insufficiency of the assets then in his hands to pay the debts against the estate; whereupon the Court appointed one *Reuben Edgerton*, guardian *ad litem* for said minor heirs, and ordered its clerk to issue a summons requiring him to appear for them at the next term of the Court, and show cause, if any he could, why the land in the inventory described should not be sold, &c. The clerk was authorized to insert in the summons the respective names of said minor heirs, when known, &c. This sum-

mons was accordingly issued, and served upon the said Edgerton.

The records further show that at the *September* term, 1827, the administrator appeared; but *Edgerton*, the guardian, although called, did not appear. And thereupon, the Court ordered the administrator to sell the land, on a credit of nine months, upon giving notice, &c., and that he give bond, &c. At the *March* term, 1828, the administrator made report, stating, *inter alia*, that he had sold the land to one *John Maple* for 226 dollars, that being the highest bid, &c. The Court approved the sale, and ordered the administrator, upon the payment of the purchase-money, to convey the land to *Maple*. The defendant gave in evidence a deed from said administrator to *Maple* for the land, being the same now in dispute; and also a deed in fee for the premises to himself from the said *Maple*. It was then proved that the decedent's heirs, at the time of the proceedings in the Circuit Court relative to said sale, were minors and non-residents. There was also evidence tending to show that they had no notice of the suit. Nor does it appear that the person appointed guardian *ad litem* ever acted as such, or even accepted the appointment.

The record, given in evidence in the cause, shows the proceedings of a Court possessing general powers; but it contains no averment on the subject of notice to the defendants. Then, the point of inquiry is, were they bound by the order directing the sale of the premises? It is conceded that the cause of action was properly before the Court; but contended that the infant heirs had no notice of the suit in which that order was made; and that, therefore, it was a nullity. Infants should be served with process, or notified in the same mode as if they had been adults. 8 Blackf. 301. Without notice or appearance, they are not within the jurisdiction of the Court. And we believe the principle to be correct, "that the judgments of all courts are void, unless they have jurisdiction of the parties as well as the cause." *Hollingsworth* v. *Barbour*, 4 Peters 466. To bind a party by a judgment

when he had no notice of the action, would be in conflict with the first principles of justice. 5 Johns. R. 38. The plaintiff contends that the validity of the order cannot be questioned in this suit: that it is erroneous, merely, and the only mode in which it could be avoided, is by a proceeding in error. We are not of that opinion. It is true, "when the record given in evidence discloses nothing on the point, jurisdiction of the person will be presumed." 1 Ind. R. 130. But it seems to us that the record in question, upon its face, shows that the proper steps had not been taken to bring the defendants within the jurisdiction of the Court. When the appointment of a guardian *ad litem* was made, the names of the infants were unknown to the Court. This is shown by the order directing the clerk to insert their names, when known, in the summons. It would involve an absurdity to presume that they were present in Court as suitors, or notified of the proceeding in any mode known to the law, when the Court and its officers were ignorant of their names. Against such evidence, presented by the record itself, we cannot indulge the presumption that the Court had jurisdiction of the parties. A different conclusion would assume the untenable position that a Court might take cognizance of an individual not within its jurisdiction, and bind him by a judgment without notice of suit. In *Bloom* v. *Burdick*, 1 Hill 130, it was ruled, that if the want of jurisdiction appears on the record, the judgments of all courts are void, without reference to the nature or extent of the powers intrusted to them for administration. The same doctrine is held in *Denning* v. *Corwin*, 11 Wend. 648. These decisions are cited and approved in a late case in the Supreme Court of the *United States*. In that case it was decided that a judgment was a nullity where it appeared in the proceedings that no regular process, either actual or constructive, had been served on the defendant. *Harris* v. *Hardeman*, 14 Howard U. S. R. 334.

The present case, in our opinion, is clearly within the rule just stated. Therefore, it follows that the order directing the sale of the premises in controversy, is void

and the deed pursuant to it inoperative. *Lincoln* v. *Tower*, 2 McLean 473.

We are referred to a statute which provides that if the validity of a sale by an administrator, &c., shall come in question, it shall not be avoided on account of any irregularity or defect of the proceedings, if it shall be made to appear, 1. That the sale was authorized by a court of competent jurisdiction. 2. That the administrator, &c., took the oath and gave bond. 3. That notice of the time and place of sale was given. 4. That the premises were sold accordingly, &c. R. S. 1843, c. 29, s. 27. It is insisted that these requisitions have, in this case, been complied with; that the first contemplates a sale directed by a Court having jurisdiction of the subject-matter, and not of the parties. This is not a proper construction of the statute. The terms "competent jurisdiction," in their usual signification, embrace the person as well as the cause. The legislature could not have intended to empower courts to direct a sale which would divest an individual of title to property without the proper notice of suit. But the statute referred to is prospective in its operation, and, therefore, not applicable to the case before us.

The defence set up in this case is not, in our opinion, sufficient to bar the action.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland*, for the plaintiff.

*J. Ryman*, for the defendant.