PEOPLES and Others *v.* STANLEY.

PEOPLES
v.
STANLEY.

Bill in chancery under the R. S. 1843. Some of the defendants were notified of the pendency of the suit, as non-residents, by publication, and a decree was taken against them by default. No affidavit of their non-residence was made. A guardian *ad litem* was appointed for other defendants, who were minors, and a decree was taken against them; but it was not shown that they had any notice of the suit, by service of process or otherwise. *Held*, that the Court had not acquired jurisdiction of the persons of the defendants mentioned, and that the decree against them was, consequently, erroneous.

A Court of equity cannot appropriate choses in action of a debtor to the payment of a demand of a creditor.

*Monday,
June 11.*

ERROR to the *Marshall* Circuit Court.

DAVISON, J.— *Stanley*, on the 6th of *June*, 1850, sued *Hugh A. B. Peoples*, *Thomas Skilman*, *John Fisher*, *John Jones*, *Alvin Kite*, and *Orange Fisher*, in chancery, in the *Marshall* Circuit Court.

The bill states these facts:

*Peoples* and *Skilman*, as sureties for *Jones* and *Kite*, became indebted to *Stanley* 600 dollars. *Jones*, *Kite* and *Skilman* were insolvent. *Peoples*, with intent to defraud *Stanley*, and evade the payment of said debt, which was then in judgment, placed a certain amount of money in the hands of *John Fisher*, and directed him to lay it out in canal land, and take the title in his; *Fisher's*, name. In pursuance of this arrangement, *Fisher* went to the land-office at *Logansport*, and purchased a quarter-section of of land in *Marshall* county. After this, *Peoples*, with his family, moved upon said land, improved it, and resided thereon until the month of *March*, 1850, when he and *Fisher* left the state, with the avowed intention of going to *California*. When *Fisher* bought the land, he obtained a certificate of purchase, which, before he started to *California*, he assigned to *Patsey Peoples*, the wife of the said *Hugh Peoples*, and she, the said *Patsey*, remained in the occupancy of the land, and also in the possession of personal property belonging to her husband, worth 500 dollars. It appeared that, within a few days after their departure for *California*, *Patsey Peoples* died, leaving *William*, *George*,

*Daniel, Mary* and *Samuel Peoples,* her heirs at law, they being minors and the children of the said *Hugh* and *Patsey.* These children, by amendment of the bill, were subsequently made defendants. After the death of *Patsey,* the property left with her was sold by the said *Orange Fisher,* who, in making the sale thereof, acted without authority, and took notes for the purchase-money, payable to himself at six months. The bill alleges that *Hugh A. B. Peoples* and *John Fisher* are non-residents, and prays the appropriation of the notes in the hands of *Orange Fisher,* and also the above land, to the payment of *Stanley's* claim, and for general relief, &c.

The record shows that *Peoples* and *John Fisher* were notified by publication, and defaulted; though an affidavit of their non-residency does not appear to have been made. It is alleged that the minor defendants answered by guardian *ad litem;* but it is not shown that they had any notice of the suit, or that any steps, by process or otherwise, were taken to notify them of the proceeding. The other defendants, (except *Orange Fisher,* who answered,) were served with process, and defaulted.

The Court, upon final hearing, directed the notes taken for the sale of the personal property by *Orange Fisher,* (which had been brought into Court,) to be collected, and the proceeds to be applied to the payment of *Stanley's* claim, which was adjudged to be 596 dollars; and for the payment of the balance, if any, after the application of such proceeds, the land was ordered to be sold.

This decree, in our opinion, can not be sustained—

1. Because the notice by publication against *Peoples* and *Fisher* does not appear to have been preceded by an affidavit of non-residency. Without such affidavit, we think the notice was insufficient, and, consequently, they were not properly before the Court. A provision of the R. S. 1843, in force at the time of these proceedings, points out the mode in which a non-resident party may be notified of the pendency of a suit, and expressly requires that such notice shall be upon affidavit. R. S. 1843, p. 833.

2. It is not shown that the minor defendants were served

with process, or notified of the suit in any mode known to the law. This Court has repeatedly decided that process should be served on infant defendants, in chancery, in the same manner as if they were adults. *Hough* v. *Canby*, 8 Blackf. 301.—*Robbins* v. *Robbins*, 2 Ind. R. 74.

3. A Court of chancery has no power to appropriate choses in action in payment of a creditor's demand against his debtor, whether such demand be in judgment or otherwise. This point is decided in *Shaw* v. *Aveline*, 5 Ind. R. 380; and also in *Stewart* v. *English*, ante, p. 176.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. B. Niles* and *W. G. Pomeroy*, for the plaintiffs.