## MARTIN and Others *v.* STARR and Another, Administrators.

In the case of a petition by an administrator to sell real estate, under the R. S. 1838, service of notice on the heirs of the intestate, in some mode recognized by law, was an essential requirement of the statute.

Process must be served on infants in the same manner as if they were adults.

Petition, under the R. S. 1838, by an administrator, to sell real estate. The record did not show affirmatively that the defendants (who were minors) were notified of the pendency of the suit, nor that they were present in Court; but it appeared that a guardian *ad litem* was appointed, who "waived the service of process and consented to a sale of the land;" and that the Court thereupon ordered the sale.

*Held*, on error, that it must be presumed that the defendants were not notified of the suit nor present in Court; and that the order of sale was consequently erroneous.

*Held*, also, that it was error to grant the order without proof of the allegations in the petition, in the same manner as if they had been denied.

*Tuesday, December* 11.

APPEAL from the *Union* Probate Court.

DAVISON, J.—*Jesse Starr* and *Mary Martin*, administrators of the estate of one *Thomas Martin*, deceased, at the *August* term, 1841, filed their petition in the *Union* Probate Court, representing that the assets then in their hands, belonging to said estate, were .insufficient to pay the debts outstanding against it; that the intestate died seized of certain lands, situated in *Hancock* county, (describing

them).  It is alleged that *Thomas Martin*, at his death,
left the said *Mary Martin* his widow, and *Charles W.*,
*Thomas M.*, and *Lorany Martin*, his children and heirs at
law, who were minors.  These children are the present
applicants.

The petition prays that three disinterested freeholders
be appointed to make appraisement of said land; that a
guardian *ad litem* be appointed for said heirs; and that
notice be given to the defendants to appear and show
cause why the said land should not be sold for the pay-
ment of debts, &c.; also that the Court decree a sale
thereof for the purpose aforesaid, &c.

The record shows that at the same term, *Simon Mar-
tin*, sr., and *Simon Martin*, jr., who had been appointed
appraisers, made report that they had inspected said land,
and appraised it at 100 dollars, subject to the widow's
dower, and at 150 dollars, including her dower; and that
the Court appointed one *John Miller* the guardian *ad litem*
for said heirs, who, by their said guardian, appeared,
and waived service of process, and consented to the
sale of the land for the purposes mentioned in the pe-
tition.   And thereupon the Court ordered the adminis-
trators to sell the land, subject to the widow's dower, on
these conditions, viz., one-third of the purchase-money in
hand at the time of sale, one-third in three months, and
one-third in six months.   At the *November* term, 1841, the
administrators made their report, stating, *inter alia*, that,
pursuant to said order, they did, on the 2d day of *October*,
1841, after giving notice, &c., sell the premises to *James B.
Sleeth*, he being the highest bidder, for 100 dollars; and
the conditions of sale having been complied with, they
gave him a bond for a deed on the full payment of the
purchase-money.   The Court received the report, and ap-
proved the sale, &c.

The order directing the above sale is said to be erro-
neous, because the record does not show that the intes-
tate's heirs had notice of the proceeding in which the
order was made.   The revision of 1838, under which this
suit was instituted, requires that "the heirs and devisees

interested in the real estate so as aforesaid inventoried and appraised, shall be summoned, if residents of this state, or, if non-residents thereof, shall be notified by publication," &c., "to appear in the said Court, on a day to be named in such summons or publication, and show cause, if any they can, why such real estate shall not be sold and made assets," &c. "And if after thirty days notice, by service of said summons, or sixty days notice, by publication, the said heirs fail to appear, or appearing fail to show cause as aforesaid, the Court shall order a. sale of said real estate," &c. R. S. 1838, pp. 182, 183. From this it would seem that service of notice on the decedent's heirs, in some mode known to the law, was an essential requirement of the statute. And this Court has decided that process should be served on infant defendants in the same manner as if they were adults. 8 Blackf. 301.—4 Ind. R. 355.—5 *id.* 33.

If these proceedings were before us collaterally, we might presume, the record being silent on the point of notice, that the requisite steps had been taken to bring. the parties within the jurisdiction of the Court. 1 Ind. R. 130. But on error, such a presumption can not be indulged. The record must show affirmatively either the service of notice or the presence of the defendants in Court. 2 Ind. R. 74. In the present case, neither is shown. It follows that the proceedings are erroneous.

The proceedings are also objectionable on another ground. Though the infants, by their guardian, may have consented to the sale of the land for the purpose mentioned in the bill, still it was error to render a decree against them without proof. There should have been proof adduced in the same manner as if the petition had been denied. *Hough* v. *Doyle*, 8 Blackf. 300.—*Crain* v. *Parker*, 1 Ind. R. 374.—*Knox* v. *Coffey*, 2 *id.* 161.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. S. Reid*, for the appellants.