May Term,
1859.

GERRARD *v.* JOHNSON and Others.

GERRARD
*v.*
JOHNSON.

Where the facts recited in the record do not forbid the conclusion that notice to the heir of an application for an order for the sale of his land could have been given, and jurisdiction of the person thereby obtained, it will be presumed, in a collateral suit, that notice was given.

Wednesday,
June 29.

APPEAL from the *Franklin* Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellant to recover a certain piece of land described in the complaint. The cause was tried by the Court, and there was a finding and judgment for the plaintiffs below, over a motion, interposed by defendant, for a new trial. The finding and judgment were right, unless the title set up by the defendant was valid. The plaintiffs claimed, as heirs of one *Samuel Johnson*, deceased, who died in 1840; and the defendant claimed under a sale made by the administratrix of *Samuel Johnson*. The validity of the sale is the only question involved in the case.

To sustain his title, the defendant gave in evidence the record of the proceedings in the *Decatur* Probate Court, by which it appears that at the *February* term of said Court, 1840, *Elizabeth Johnson*, as administratrix of *Samuel Johnson*, filed her petition in that Court, for an order for the sale of the land in controversy, making the appellees defendants thereto, who were alleged to have been minors. Thereupon, on motion, the Court appointed a guardian *ad litem* for them, and the guardian waived the service of notice in the case and entered his appearance, and showing no cause why the land should not be sold, a sale thereof was ordered. These proceedings all seem to have taken place on the same day. Afterwards, at the *November* term for the same year, the administratrix filed her report of the sale, and the sale was confirmed, and a deed ordered to be made.

The defendant also offered in evidence the deed made in pursuance of the sale. It was agreed that at the time of filing and hearing the petition for the sale of the land, the appellees were residents of *Decatur* county.

The question arises whether, on the above facts, the order of sale is a nullity, or whether it is to be deemed valid when attacked collaterally.

It is settled that a sale ordered and confirmed without notice to the heir, or his appearance, is void. *Babbit* v. *Doe*, 4 Ind. R. 355.—*Doe* v. *Anderson*, 5 *id.* 33.—*Doe* v. *Bowen*, 8 *id.* 197.

The principle is, that in order to give validity to the proceedings of Courts, they must have jurisdiction of the parties, and of the subject-matter. No one should be bound by proceedings which he has had no opportunity of defending. Jurisdiction of the parties can only be acquired by summons, notice, or by the appearance of the party in person or by attorney. If the Court has acquired no jurisdiction of the party, its proceedings cannot affect the rights of that party.

The law under which the proceedings in the Probate Court were instituted, required a summons to be served on the appellees (as they were residents of the state) thirty days before the hearing of the petition. R. S. 1838, p. 182, § 29. This, it is clear, was not done, as the petition was filed and the sale ordered on the same day.

Can it be presumed, on what is stated in the record offered in evidence, that the appellees were present in Court, whereby a formal notice to them might be deemed to be waived or rendered unnecessary?

It will be observed that it does not affirmatively appear on whose motion the guardian *ad litem* was appointed. In the case of *Thompson* v. *Doe*, 8 Blackf. 336, as afterwards explained in *Horner* v. *Doe*, 1 Ind. R. 30, and again in *Doe* v. *Bowen*, 8 Ind. R. 197, it was held that in such case it would be presumed that the defendants to the petition were personally present in Court; which would be sufficient to give jurisdiction. A majority of the Court are of opinion that, in accordance with the cases above cited, it should be presumed, the record not showing anything to the contrary, that the defendants to the petition were personally present in Court, and that the Court had acquired

jurisdiction over them, so as to render the proceedings valid when attacked collaterally, as in the present case.

In the case of *Borden* v. *The State*, 6 Eng. (Ark. R.) 519, where this subject underwent a very full examination, and where it was held by a majority of the Court that the judgment of the superior Courts were not void, but only voidable, in the absence of notice to the defendant, Mr. Justice WALKER, who dissents from the opinion of a majority of the Court, says: "I do not intend to be understood as assuming that every fact necessary to confer jurisdiction on a Court of superior jurisdiction, must affirmatively appear of record. In this, I think the former decisions have gone too far. Every reasonable presumption in favor of the rightful exercise of jurisdiction, ought to be indulged."

In that case, a Probate Court was held to be a superior Court, within the meaning of the rule established by a majority of the Court, and from this position, Judge WALKER does not dissent.

The case is cited, not for the purpose of adopting the doctrine held by a majority of the Court, but to show that the presumption indulged in, in the case at bar, is not without authority beyond the cases in our own Courts.

It follows that the proceedings of the Probate Court were not void, and that the title thus acquired is valid; hence, the motion for a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. Ryman,* for the appellant.

*J. Gavin* and *O. B. Hord,* for the appellees.