## ABDIL *v.* ABDIL.

PRACTICE.—INFANTS.—Where there are infant defendants it must, on error, affirmatively appear that process was duly served upon them, and that a guardian *ad litem* was appointed to appear and answer for them, or the proceedings will be reversed.

CONVEYANCE TO WIFE.—CREDITORS.—Real estate was conveyed to a married woman, who executed a mortgage to secure unpaid purchase money, her husband not joining in the instrument.

*Held,* that a sale under a judgment of foreclosure of the mortgage could not be sustained upon the ground that the conveyance had been taken in the name of the wife to defraud the husband's creditors, and that the plaintiff, to whom the mortgage had been assigned, and who purchased the property at such sale, was one of such creditors.

APPEAL from the *Fountain* Circuit Court.

ELLIOTT, J.—*Irad Abdil,* the appellee, filed a complaint against *Emily E. Abdil,* the appellant, *Hiram Abdil,* the father of *Emily E.,* and *Fielding Lacy,* alleging, among other things, that *Lacy* had conveyed certain real estate to *Emily L. Abdil,* the mother of *Emily E.,* and then the wife of *Hiram Abdil;* that said *Emily L.* had executed to *Lacy* her notes for the purchase money, which she secured by a mortgage on the same real estate, executed by herself alone, said *Hiram,* her husband, not having joined therein; that said notes and mortgage were subsequently assigned to the plaintiff, *Irad Abdil,* to secure a debt due him from said *Hiram;* that he subsequently obtained a decree of foreclosure of the mortgage, on which the real estate was sold and he became the purchaser, but that the mortgage and sale were void, because said *Hiram,* the husband, did not join with his wife, *Emily L.,* in the execution of the same; that said *Emily L.* subsequently died, leaving said *Hiram,* her husband, and the said *Emily E.,* the appellant, who was an infant, her only child and heir at law. The complaint further alleges that said *Hiram Abdil,* at the time of said transactions, was largely indebted to divers persons, among

others to the plaintiff; that he was in fact the purchaser of said real estate and had paid a part of the purchase money, not included in the mortgage, and that said *Emily L.* had paid no part thereof, but that said *Hiram* caused the deed to be made to her for the purpose of cheating and defrauding his creditors. The complaint prayed that a commissioner be appointed to convey the property to the plaintiff, and for general relief. The court, on the final hearing, appointed a commissioner to execute to the plaintiff a deed of conveyance to said real estate. The deed was executed, reported to the court and approved. *Emily E. Abdil* appeals. The record before us does not show that any process was ever issued or served in the case. A default was taken against the defendants *Hiram Abdil* and *Fielding Lacy,* and the record then proceeds thus: "And this cause is now set down for hearing by the court on the complaint, exhibits, answer of guardian *ad litem* and oral proofs, and the court, after hearing the testimony," &c. It does not appear, however, that any notice or process was issued or served on *Emily E.,* nor that any guardian *ad litem* was appointed by the court to appear or answer for her, and though it is incidentally stated that the cause was set down for hearing on the answer of the guardian *ad litem,* &c., no such answer appears in the record, nor does it appear that such an answer was ever filed.

The proceedings were erroneous and cannot be sustained. In suits against infants process must be served upon them in the same manner as if they were adults. *Hough* v. *Canby,* 8 Blackf., 301; *Babbitt* v. *Doe,* 4 Ind. 355; *Doe* v. *Anderson,* 5 *id.* 33; *Martin* v. *Starr,* 7 *id.* 224. The court must appoint a guardian *ad litem* to appear for infant defendants, and a decree against an infant without such appointment is erroneous. *Timmons* v. *Timmons,* 6 Ind. 8. Nor can the guardian *ad litem* waive the service of process on the infant. *Hough* v. *Canby,* 8 Blackf. 301; *Robbins* v. *Robbins,* 2 Ind. 74. And on error it must affirmatively appear that process was duly served on the infant and a

guardian *ad litem* appointed to appear and answer, or the proceedings will be reversed. *Martin* v. *Starr*, 7 Ind. 224. In the cases to which we are referred by appellee's counsel, the proceedings were attacked collaterally; they are not in point here.

We may further remark that we find nothing in the complaint justifying the decree of the court vesting the title of the real estate in the plaintiff, and appointing a commissioner to execute to him a deed. If the conveyance was made to *Emily L. Abdil* to defraud the creditors of *Hiram*, as alleged, the property might perhaps be made subject to sale by the creditors for the payment of his debts, but a sale upon a void mortgage, executed by the wife alone, cannot be sustained on the ground that her husband was indebted to the plaintiff.

The decree is reversed, with costs, and all the proceedings subsequent to the complaint are set aside, as to the appellant, and the cause is remanded for further proceedings.

*Z. Baird*, for appellant.

*T. F. Davidson*, for appellee.