Hawkins and Others *v.* Hawkins' Administrator and Others.

Legal Disabilities.—The phrase "under legal disabilities," includes persons under the age of twenty-one years.

Statute of Limitations.—Appeal.—Under the code, persons under legal disabilities may appeal from a judgment against them at any time within three years after the disability is removed.

Same.—Where the statute of limitations has run against some of the appellants, the Supreme Court may strike their names from the record, and proceed to determine the appeal as to those not barred.

Same.—Practice.—A plea of the statute of limitations to an appeal is not a confession of the errors assigned.

Administrator's Sale.—Notice to Heirs.—A sale of real estate by an administrator, without notice to the heirs, though confirmed by the court, is void.

Service of Process.—Jurisdiction of Person.—In cases requiring ordi-

nary adversary proceedings, jurisdiction of the person is necessary to the validity of the judgment, and this can only be acquired by the service of process or by an appearance.

COLLATERAL PROCEEDINGS.—JURISDICTION PRESUMED.—Where the judgment of a court of general jurisdiction comes collaterally in question, and the record discloses nothing upon the subject, jurisdiction of the person will be presumed.

INFANTS.—SERVICE OF PROCESS.—Infants must be served with process in the same manner as if they were adults.

SAME.—APPEAL.—On error or appeal, it must affirmatively appear by the record that process was duly served, or that the defendant appeared.

SAME.—The record on appeal from an order for the sale of real estate on the petition of an administrator recited that it appeared "to the satisfaction of the court by the process issued therein and the return thereto, that said defendants had been duly served," &c. The process was set out in the record. One of the defendants was not named in it, and it contained no indorsement either of its receipt by the officer or of service.

*Held*, that the record did not show service upon the defendants.

*Held*, also, that if the record had not contained the process, nor professed to set out the return, the statement that it appeared to the satisfaction of the court that process had been served might have been conclusive.

*Held*, also, that the order of sale was erroneous.

APPEAL from the *Marion* Probate Court.

ELLIOTT, C. J.—This was a petition filed by *Noah Reagan*, administrator of *Jesse Hawkins*, deceased, in the year 1847, in the Probate Court of *Marion* county, for the sale of certain real estate for the payment of the debts of the decedent. The sale was ordered, the real estate sold and the sales confirmed by the court, in the year 1848. The appellants are the children and heirs at law of the decedent. A portion of the real estate was purchased by *James Wilson*, who has since deceased, and the residue by *Thomas Millhouse*. The latter and the heirs of the former, as well as *Reagan*, the administrator, have been served with process, and made defendants in this appeal.

The appellees, in answer, set up the statute of limitations. To which there is a replication in denial by all the appellants. *Martha Ann*, who has since intermarried with *Joseph Wiseman*, and *John Hawkins*, two of the appellants, further reply that at the date of the appeal to this court they were

infants, under the age of twenty-one years; and, second, that at the time of filing this appeal in this court, they were under the age of twenty-four years, to-wit, of the age of twenty-one years, &c. The issues of fact thus presented have been submitted to this court for trial.

The appeal was taken by the filing of the transcript in the clerk's office, and the issuing of notice to the appellees, on the 6th day of *May*, 1862, about fourteen years after the confirmation of the sales in controversy. The code, which went into force *May* 6th, 1853, provides that in all cases theretofore tried, appeals to this court must be taken within three years from the time said act took effect; but the time allowed the appellant by the pre-existing law shall not be enlarged. But it further provides that "where the appellant is under legal disabilities at the time the judgment is rendered, he may have his appeal at any time within three years after the disability is removed." 2 G. & H. § 561, p. 274. The phrase "under legal disabilities," includes persons within the age of twenty-one years. 2 G. & H. § 797, p. 335.

The evidence in the case shows that two of the appellants, *Layton* and *Sarah Hawkins*, were adults at the date of the proceedings in the Probate Court, and that *Rachel*, *Isaac* and *Hannah Hawkins*, also appellants, though minors at the time of the sale of the real estate, were all twenty-one years of age more than three years before the appeal was taken. It follows, therefore, that as to them, the appeal was barred by the statute and must be dismissed. *Martha Ann* was born *July* 20th, 1838, and *John* on the 1st of *July*, 1842, and hence, as to them, the appeal was taken in less than three years after the legal disability of infancy was removed, and is not barred by the statute. It was held in *Shannon* v. *Dunn*, 8 Blackf. 182, and in *Hottle* v. *Kindle*, *id.* 295, that the fact that one of the plaintiffs in error is under legal disability is no answer to a plea of the statute of limitations to the writ of error; but the rule on this subject is changed by section 562 of the code, which

provides that "The Supreme Court, upon being satisfied that the statute of limitations has barred a part only of the appellants, may strike their names from the record and proceed to affirm, or reverse, or modify the judgment as to those appellants only who are before the court." It is also insisted by the appellants' counsel, that the answer of the statute of limitations is a confession of the errors assigned, and that the judgment must therefore be reversed, at least as to those appellants not barred, and refers to *Jacobs v. Graham*, 1 Blackf. 392. The section of the code just quoted settles the practice otherwise. *McEndree* v. *McEndree*, 12 Ind. 97.

The material error assigned is, that no notice was given to the appellants, (defendants below,) of the pendency of the petition for the sale of the real estate, and of the time and place of hearing the same. The record before us shows that the petition for the sale of the real estate was filed in the clerk's office of the Probate Court on the 2d day of *December*, 1847. That a regular term of said Probate Court commenced in said county on the 13th of the same month, and on the twelfth judicial day of said term, the following entry appears in said cause, viz: "And it satisfactorily appearing to the court by the process herein, and the returns thereto, which are as follows." The record then sets out a summons directed to the sheriff of *Hamilton* county, *Indiana*, commanding him to summon *Sarah Hawkins*, (one of the children,) to answer said petition. This writ bears date on the 29th day of *December*, 1847, and is simply marked "served," without date or the signature of the officer. The date of the writ is probably an error, as it is two days after the order of sale. And also a summons dated *December* 2d, 1847, directed to the sheriff of *Marion* county, commanding him to summon *Layton, Rachel, Hannah, Martha Ann* and *Isaac Hawkins*, (children and heirs of the decedent,) and *Martha Hawkins*, the widow, to appear before said court on the first day of the then next term, to answer said petition, to which no return is

shown, nor does it appear by the record that the process was ever delivered to the sheriff; nor can it be supposed that the clerk has failed to copy the return in making up the record, as, at the conclusion of the summons, he adds, "no return on the last above writ:" The record then proceeds thus: "That the defendants herein have each and all been notified of the pendency of said petition, and of the time and place of hearing the same, ten days before the first day of the present term of this court," &c. Thereupon, on motion of the petitioner, the adult defendants were defaulted, and *Horatio C. Newcomb* was appointed guardian *ad litem* for the infant defendants, to-wit: *Rachel, Hannah, Martha Ann, Isaac* and *John,* and appeared and answered for them "that they are ignorant of the matters in said petition set forth."

The administrator having filed an appraisement of the real estate described in the petition, and also "an additional bond," as required by the statute, the sale was ordered. It will be observed that neither of the writs set out in the record contains the name of *John Hawkins,* one of the appellants not barred by the statute.

These proceedings were had under the revised statutes of 1843, which provided that the petition for the sale of real estate by an administrator should state, among other things, the names and ages of the heirs, legatees and devisees, if any, of the deceased, or if they were unknown, that the fact should be so stated; and that no order for such sale should be made until notice of the petition, and of the time and place of hearing the same, should have been give to the heirs, devisees and legatees, so that they might appear and show cause why such order should not be made. It further required that such notice should be served on them personally, if residents of the State, at least ten days before the time of hearing such petition; or if they were non-residents of the State, or unknown, that notice should be given by three successive publications in a newspaper printed in the county where such petition was filed, &c. Rev. Stat. 1843,

§§ 222, 223, 224, p. 528. And section 226 of the same act provided that if it should appear by the petition, or other-wise, that any of the heirs, &c., were minors, the court should, before hearing the petition, "appoint some suitable and discreet person the guardian of such minors, for the sole purpose of appearing for them and taking care of their interest in said proceedings."

All process issued out of the Probate Court was required to be executed and returned in the same manner as the process of the Circuit Court was by law to be executed and returned. *Id.* chap. 39, § 12, p. 666. In the latter court, the statute made it the duty of the officer to whom any writ of summons or other process was directed, to "insert in his return the time when such writ was received by him, and the time of its execution." *Id.* § 26, p. 674.

It is settled in this State, that a sale of real estate by an administrator, without notice to the heir, though it be or-dered and confirmed by the court, is void. *Babbitt* v. *Doe*, 4 Ind. 355; *Doe* v. *Anderson*, 5 *id.* 33; *Doe* v. *Bowen*, 8 *id.* 197; *Gerrard* v. *Johnson*, 12 *id.* 636; *Wort* v. *Finley*, 8 Blackf. 335; *Bliss* v. *Wilson*, 4 *id.* 169. This is upon the well recognized principle, that in order to give validity to the proceedings of courts in cases requiring ordinary ad-versary proceedings, they must have jurisdiction of the parties as well as of the subject matter. Jurisdiction of a party defendant can only be acquired by the proper service of process, or notice, or by the appearance of the party in person or by attorney. No one is bound by proceedings which he has had no opportunity of defending against; and if the court has acquired no jurisdiction of the person of the defendant, its proceedings are void and cannot affect his rights. Where, however, the judgment or proceedings of a court of general jurisdiction come collaterally in ques-tion, and the record discloses nothing upon the point, juris-diction of the person, the contrary not being shown, will be presumed. In such cases, every reasonable presumption will be made in favor of the proceedings. *Horner* v. *Doe*,

1 Ind. 130, and cases there cited; *Garrard* v. *Johnson*, 12 Ind. 636. In *Doe* v. *Harvey*, 5 Blackf. 487, the validity of a sale of real estate by an administrator was brought in question collaterally. It appeared by the record of the proceedings, that a written notice of the application for the sale was duly served on the general guardian of the heirs of the intestate, and that the report of the sale was confirmed and a conveyance ordered to be executed. It was held that the order of sale, though it might be erroneous, was not void.

In *Thompson* v. *Doe*, 8 Blackf. 336, the petition was filed in term, and afterwards, at the same term, the court, on motion, appointed a guardian *ad litem* for the heirs of the intestate, they being infants. The guardian filed an answer for the infants, admitting the facts alleged in the petition, and the court thereupon ordered the sale, which was afterwards confirmed. It was held that the order of sale was erroneous, but that it was not a nullity, and that the purchase under it was valid. Neither of these decisions is put upon the ground that either notice to the heirs, or their presence in court, would be presumed; but the reason stated in the former is, "that as the court had jurisdiction of the subject matter, and notice of the application for the order of sale was duly served on the guardian, it cannot be said that the order was a nullity."

But in *Doe* v. *Anderson*, 5 Ind. 33, where, as here, the sale of real estate was made under the statute of 1843, by an administrator, but came in question collaterally, and where the record of the proceedings showed that upon filing the petition by the administrator, the heirs being infants, their general guardian appeared, and, as to them, waived the service of notice, and answered the petition by stating that he did not admit or deny the things therein charged, upon which the court made the order for the sale, it was held that the order of sale was a nullity. See, also, *Babbitt* v. *Doe*, 4 Ind. 355; *Doe* v. *Bowen*, 8 *id*. 197, and *Cox* v. *Matthews*, 17 *id*. 367.

The fact that defendants are infants does not excuse the

necessity of the service of process on them, but they should be served with process or notified in the same mode as if they were adults. *Hough* v. *Canby*, 8 Blackf. 301; *Peoples* v. *Stanley*, 6 Ind. 410; *Martin* v. *Starr*, 7 *id.* 224; *Pugh* v. *Pugh*, 9 *id.* 132; *Abdil* v. *Abdil*, 26 *id.* 287.

And on error or appeal it must affirmatively appear by the record that the process was duly served, or that the defendant appeared in person or by attorney, or the proceedings will be erroneous. *Robbins* v. *Robbins*, 2 Ind. 74; *Martin* v. *Starr*, 7 *id.* 224; *Abdil* v. *Abdil, supra.*

In the case before us, it appears by the petition that the appellants were residents of *Marion* county, and the record, as we understand it, fails to show personal service on them. True, it contains the statement that it satisfactorily appeared to the court, by the process issued in the cause and the returns thereto, that the defendants were all notified of the pendency of said petition, and of the time and place of hearing the same, ten days before the first day of said term of the court; but the process referred to is made a part of the record, and did not contain the name of *John Hawkins,* one of the appellants, nor was any return written thereon or made thereto. It does not even contain any evidence that it had ever been in the hands of the sheriff. The written return of the officer was the only evidence upon which the court could legally act, in coming to the conclusion that the summons had been served on the heirs, and, as appears by the record, was the only evidence upon which the court assumed to act. But no such return was made to the summons, and hence the statement of service is without any foundation in fact to justify it. Had the record not contained the summons, nor professed to set out the return thereto, but had simply contained the statement that it appeared to the satisfaction of the court that process had been duly served, &c., it might perhaps have been conclusive; but when the record contains the evidence upon which such a statement is based, this court will look

to the evidence and determine whether it is sufficient to justify the conclusion. *Cox* v. *Matthews*, 17 Ind. 367.

It may be further remarked that we find nothing in the record, from which it can be inferred that these appellants were personally present in court at the time the petition was heard, or of the appointment of the guardian *ad litem*, who it appears was appointed on motion of the administrator.

The order of sale was clearly erroneous. The names of the appellants *Layton*, *Sarah*, *Rachel*, *Isaac* and *Hannah Hawkins*, for the reasons herein before stated, are stricken from the record, and the appeal, as to them, is dismissed. The order of sale and the proceedings subsequent thereto, as to the remaining appellants, *Martha Ann* and *John Hawkins*, are reversed and set aside, with costs, &c.

*J. Caven*, for appellants.

*H. C. Newcomb* and *J. Tarkington*, for appellees.