Crane *et al. v.* Kimmer *et al.*

---

No. 7274.

CRANE ET AL. *v.* KIMMER ET AL.

PARTITION.—*Judgment.*—*Collateral Attack.*—Where a judgment of partition in the circuit court is collaterally attacked, it will be presumed that process was duly served, and that the court acquired jurisdiction over the persons of the defendants.

77 215
125 553

77 215
133 667

77 215
134 427

77 215
146 9

77 215
148 395
148 396

Crane *et al. v.* Kimmer *et al.*

SAME.—*Title.*—*Adjudication.*—In partition proceedings, the title to the land is so far put in issue that the judgment becomes an adjudication of the right and title of each of the owners of the land, and settles and designates their several shares. *Matlock* v. *Lee*, 9 Ind. 298, overruled.

SAME.— *Omission of Seal.* — *Supreme Court.* — *Amendment Presumed.*— Where the warrant issued to commissioners appointed to make partition of real estate has not the seal of the circuit court attached, it will be considered in the Supreme Court as amended and supplied by the report of the commissioners and the approval thereof by the court.

From the Fayette Circuit Court.

*J. Buchanan* and *C. D. Whitehead*, for appellants:

*B. F. Claypool, C. Roehl* and *J. H. Claypool*, for appellees.

FRANKLIN, C.—July 4th, 1860, Elizabeth Kimmer died possessed and the owner of the southeast quarter of section 12, in township 15 north, of range 11 east, leaving appellee Samuel J. Kimmer, her husband, and five minor daughters, Sarah J., Elizabeth E., Mary F., Luzena A. and Emma F. Kimmer, all of whom were then single except Sarah J., who was intermarried with Benjamin Crane, one of the appellants herein ; that said Luzena A. and Emma F. refused to unite as plaintiffs herein, and were made defendants with their father, Samuel J. ; that on the 19th day of March, 1866, the said Samuel J. Kimmer, for and in consideration of one dollar and land willed to him by his wife, and as agreed upon between him and his wife in her lifetime, conveyed by quitclaim deed all his interest in said land as derived through his wife, Elizabeth Kimmer, deceased, to his said five daughters, which deed was duly recorded January 7th, 1867 ; that on the 1st day of February, 1869, he executed another quitclaim deed to his said five daughters for the northeast quarter of section 13, same township and range, for and in consideration that the former deed contained an alleged misdescription of the land intended to be conveyed, and stating therein that he had no title or interest in and to the land formerly conveyed. The latter deed was

also recorded April 27th, 1869.   On the 23d day of July, 1870, appellee Samuel J. Kimmer commenced an action in the Fayette County Common Pleas Court for partition of the land described in the first before named deed, and upon the 9th day of August, 1870, obtained a decree of said court granting partition, and that there be assigned to him one-third thereof; which partition was subsequently made by commissioners, reported to the court, and fifty-five acres, by metes and bounds, were set off to him from the north side of said southeast quarter.   All of said daughters still being minors, together with the husbands of those who were married, were made parties defendants to said partition proceedings.

On the 10th day of May, 1876, this suit in ejectment for the possession of the said fifty-five acres, giving a description of the lands, was commenced by appellants against appellee Samuel J. Kimmer.

The defendants answered by a general denial; trial by the court and a finding for appellees; motion for a new trial overruled and excepted to, and judgment for appellees.

The only assignment of error is the overruling of the motion for a new trial.   The reasons assigned for a new trial are, that the finding was not sustained by the evidence, and was contrary to the law and the evidence; error in admitting in evidence the partition proceedings, and the refusal to admit in evidence the second deed dated February 1st, 1869, and executed by appellee Samuel J. to his said five daughters; and in permitting appellee to prove the rental value of the lands, after deducting for necessary repairs.

Without any offset for repairs or improvements being pleaded to the damages claimed for rents, it was erroneous, under the issue formed by the denial, to admit evidence of the value of the rents, deducting repairs; but, as the court found against the appellants on the question of title, this error did them no harm.

As to the refusal to admit in evidence the second deed, of the date of February 1st, 1869, appellee had not given in evidence, or claimed any title in himself, prior to the partition proceedings ; there was no testimony that the deed could rebut ; and it was not admissible as original testimony, being for another tract of land.    There was no error in rejecting this deed as evidence.

As to the objection to the introduction in evidence of the record of the partition proceedings, there was a special objection made to the reading in evidence of the appointment of the commissioners to make the partition, for the reason that it had no seal attached to it.    This objection was fully met by the report of the commissioners, and the approval thereof by the court.    Then it was amendable, and should be considered in this court as amended.

Then there was a general objection made to the giving in evidence of each and every part of the record, for the reason that there was no summons introduced showing a return thereon by the sheriff of service upon the defendants, so as to give the court jurisdiction of the defendants.    The record entry upon the order book, which was read in evidence, states :   "And it appearing to the court that each of said defendants had been duly served with process for more than ten days before the first day of the present term of this court, and each of said defendants, being three times severally audibly called, come not, but herein wholly make default."    It is insisted that this is not sufficient, without introducing in evidence the summons and the return of the sheriff thereon, and we are referred to the following authorities in support thereof :   *Hough* v.  *Canby*, 8  Blackf. 301 ; *Robbins* v. *Robbins*, 2 Ind. 74 ; *Abdil* v. *Abdil*, 26 Ind. 287 ; *Cole* v. *Allen*, 51 Ind. 122.

Upon an examination of the first three cases referred to, we find that they only decide that infants must be served with process, or the proceedings would be a nullity.    In the

case of *Abdil* v. *Abdil, supra,* the court held, that had the record not contained the summons, nor professed to set out the return thereto, but had simply contained the statement that it appeared to the satisfaction of the court that process had been duly served, etc., it might perhaps have been conclusive.

In the case of *Cole* v. *Allen, supra,* the record did not show that any process had been served, and there was no process appearing in the record; for which error the cause was reversed. The court held in this case, and others, that, when the judgment is by default, the record must contain the process, with the return of the sheriff of service endorsed thereon, to show that the court had jurisdiction of the defendants, or, upon an appeal, the judgment will be reversed. *The New Albany, etc., R. R. Co.* v. *Welsh,* 9 Ind. 479; *Cochnower* v. *Cochnower,* 27 Ind. 253; *Miles* v. *Buchanan,* 36 Ind. 490.

This is where the judgment is brought in review by appeal. But, where the judgment is collaterally attacked, a different rule obtains. In that case, if the record states that process has been duly served, that is sufficient; or, if the record says nothing about the process, the circuit court being a court of general jurisdiction, it will be presumed that process had been duly served, and that the court had properly acquired jurisdiction over the persons of the defendants. *Cox* v. *Matthews,* 17 Ind. 367; *Horner* v. *Doe,* 1 Ind. 130; *Babbitt* v. *Doe,* 4 Ind. 355; 1 Smith's Lead. Cas., 2d part, pp. 841, 842 and 843, and the cases therein cited; *Iles* v. *Watson,* 76 Ind. 359.

We think there was no error in admitting in evidence the record of the partition proceedings.

The remaining question to be decided is, Was the title to the land in controversy in issue in the partition proceedings, so as to be *res adjudicata* upon that question? In all cases of partition, the rights and titles of the parties are required

Crane *et al. v.* Kimmer *et al.*

to be set forth in the petition. 2 R. S. 1876, p. 344, sec. 2. This technically puts in issue the title to the land asked to be divided, and, by an answer in denial or otherwise, the title may be put in issue, and be adjudicated; and it is a general principle of the law, that whatever was or might have been adjudicated, under the pleadings in a case, shall be deemed to have been adjudicated, and the doctrine of *res adjudicata* puts a finality to the question. The decree in a partition suit, however erroneous, if the court had jurisdiction, can not be attacked collaterally in a suit in ejectment. *Murphy* v. *Williamson*, 5 Cent. L. J. 116.

This decree not only settles and designates the shares of the owners of the land, but equally settles and fixes their then title to the same. Collateral questions may arise that may render it necessary to go back and inquire into how they had derived their titles; but the decree fixes the then status of the titles, as well as the shares, and so long as this decree is permitted to stand undisturbed by some direct proceeding to have it set aside, the rights of the parties in the land must be regarded as settled. The case of *Matlock* v. *Lee*, 9 Ind. 298, so far as it comes in conflict with this opinion, ought to be overruled.

We think the evidence supports the finding, and that the finding is not contrary to law. The court, therefore, committed no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellants' costs.