No. 9288.

THE BLOOMFIELD RAILROAD COMPANY v. BURRESS.

JUDGMENT.—*Misnomer of Party.*—*Abatement.*—A defendant who is sued by a wrong name, is served with process, and fails to plead the misnomer in abatement, is bound by the judgment.

SAME.—*Action Upon Judgment.*—*Complaint.*—In an action upon a judgment, an averment in the complaint, that the judgment was rendered against the defendant by another name, is sufficient to show that he is bound by the judgment.

SAME.—*Record.*—*Dismissal.*—*Appearance.*—*Default.*—*Presumption.*—*Supreme Court.*—Where the record shows the dismissal of an action for want of prosecution, and afterwards the defendant's withdrawal of his appearance, a default and judgment rendered against the defendant, the Supreme Court will presume, the record showing nothing upon the subject, that the cause was properly reinstated.

SAME.—*Collateral Attack.*—*Jurisdiction.*—Where a domestic judgment is collaterally attacked, and the record is silent upon the subject, jurisdiction of the person will be presumed.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins, T. L. Sullivan* and *A. Q. Jones,* for appellant.

*E. E. Rose* and *E. Short,* for appellee.

BEST, C.—The appellee brought this action against the appellant, alleging in the first paragraph of his complaint, that on the 18th day of March, 1876, he brought an action in the Greene Circuit Court against the appellant by the name of the St. Louis, Bloomfield and Louisville Railroad Company, a name by which the appellant was well known; that

a summons was issued and served upon the president of the appellant who employed counsel to defend the action, and who caused an appearance to be entered and an answer to be filed; that afterward the appellant withdrew its appearance, was defaulted, and upon due proof the court rendered a judgment against the appellant by the name of the St. Louis, Bloomfield and Louisville Railroad Company, for the sum of $360, which judgment remains wholly unpaid. Wherefore, etc.

A demurrer for want of facts was overruled to the first paragraph of the complaint, and an answer in denial was filed.

The cause was submitted to the court for trial and a finding made for the appellee upon the first, and against him upon the second paragraph of the complaint.

A motion for a new trial and a motion in arrest of judgment were overruled, and final judgment was rendered for the appellee.

From this judgment the appellant appeals and assigns as error the orders of the court in overruling the demurrer to the first paragraph of the complaint, in overruling the motion for a new trial, and in overruling the motion in arrest of judgment.

The objection urged to the complaint is that it shows upon its face that the judgment sought to be enforced was not recovered against the appellant. We think the objection is not true in point of fact. The complaint avers that the judgment was recovered against the appellant, but by a wrong name. This, however, does not affect its validity. If a party is sued by a wrong name, is served with process, and fails to plead the misnomer in abatement, the judgment will bind him. *Lafayette Ins. Co.* v. *French*, 18 Howard, 404; *Guinard* v. *Heysinger*, 15 Ill. 288; *Hammond* v. *People*, 32 Ill. 446, 473; Freeman Judgments, section 154.

In *Lafayette Ins. Co.* v. *French, supra,* the court said: " It was objected that the judgment recovered in the commercial court was against 'the president, directors, and company of the Lafayette Insurance Company,' while this action is against the

'Lafayette Insurance Company;' but the declaration describes the judgment correctly, and then avers that the judgment was recovered against the defendants by that other name. We must assume that this fact was proved; and the only question open here is, whether, if a mistake be made in the name of a defendant, and he fails to plead it in abatement, the judgment binds him, though called by a wrong name. Of this, we have no doubt. Evidence that it was an erroneous name of the same person must, therefore, be admissible; otherwise, a mistake in the defendant's name, instead of being available only by a plea in abatement, would render a judgment wholly inoperative."

The averment in the complaint, that the judgment described was rendered against the appellant by another name, was sufficient to show that it was bound by the judgment, and for this reason the demurrer to the first paragraph of the complaint and the motion in arrest of judgment were properly overruled.

The reasons embraced in the motion for a new trial are, that the finding was not sustained by sufficient evidence and was contrary to law.

The evidence shows that the appellee, at the March term, 1876, of the Greene Circuit Court, commenced an action against the appellant, by the name of the St. Louis, Bloomfield and Louisville Railroad Company, for a personal injury received while being carried upon its cars; that a summons was served upon the president of the appellant, and that its attorneys appeared and filed an answer in the cause; that, at the June term, 1876, the cause was dismissed for want of prosecution, and at the October term was continued; that, at the January term, 1877, the appellant withdrew its appearance, and it was defaulted and a judgment was rendered for $360—all of which was done in the name of the St. Louis, Bloomfield and Louisville Railroad Company; that at the time the suit was commenced there was no such corporation in existence as the St. Louis, Bloomfield and Louisville Railroad Company, but it was

supposed that the appellant had consolidated with another railroad corporation, under such name, and hence the suit was brought against it by such name.

This evidence abundantly supported the averment that the judgment described was rendered against the appellant.

It is, however, insisted that, as the suit was dismissed, the judgment thereafter rendered was a nullity, and did not support the finding.

This position would be unanswerable were it not for the fact that the record shows the appellant in court after the dismissal of the cause. It does not appear affirmatively that the judgment of dismissal was set aside and the cause reinstated, nor does the contrary appear; and, therefore, we must presume in favor of the action of the court, that such order was made, and that the court had jurisdiction of the person of the appellant. *Hawkins* v. *Hawkins*, 28 Ind. 66.

The validity of that judgment is here questioned collaterally, and it is well settled that in such case, where the record discloses nothing upon the point, jurisdiction of the person will be presumed. *Horner* v. *Doe*, 1 Ind. 130; *Gerrard* v. *Johnson*, 12 Ind. 636; *Gale* v. *Parks*, 58 Ind. 117.

In addition to this, the record recites the summons originally issued, as showing that the appellant had been duly served with process, so as to authorize the default, and this fact strongly supports the presumption that the cause had been properly reinstated. The court and parties seem to have so treated it and we must so regard it.

The motion for a new trial was properly overruled, and the judgment should be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.