EDWARD W. HOWLAND, Appellant, *vs.* SCHOOL DISTRICT NO. 3, of LITTLE COMPTON, Appellee.

When, in direct proceedings before a tribunal, its jurisdiction is denied, the jurisdictional facts must appear on and be shown by the record.

Hence, when a school district attempted to condemn land under Pub. Stat. R. I. cap. 56, § 5, and the records of the district did not show that the "proprietor of the land refused to convey the same, or could not agree with the district for the price thereof,"

*Held*, that the proceedings must be quashed.

EXCEPTIONS to the Court of Common Pleas.

This was an appeal from proceedings of condemnation instituted by School District No. 3, in Little Compton, to obtain a lot for a school-house.  After the decision of this court, printed 15 R. I. 187–190, the appeal was tried by a jury in the Court of Common Pleas, and a verdict was given for the School District. The appellant, Howland, then brought the case into this court on a bill of exceptions, one of which, that considered in the following opinion, was to the refusal of the presiding justice in the Common Pleas to quash the proceedings, " because it did not appear that Howland, the owner of the land, could not agree with the district

for the price of the land."   Pub. Stat. R. I. cap. 56, § 5, is printed 15 R. I. 185, note.

*Providence, July* 7, 1888.   DURFEE, C. J.   This is an appeal from the doings of School District No. 3, of the town of Little Compton, and of the school committee of said town, in condemning for school purposes a certain lot of land in said district belonging to the appellant.   The appeal was taken to the Court of Common Pleas, and comes before us on exceptions after jury trial in that court.

At the trial, after the records of the proceedings of the district and committee had been put in evidence and verified, and other testimony had been introduced in support of condemnation, and the district had rested in its opening, the appellant moved that the proceedings of the district be quashed, because it did not appear that the appellant, owner of the land condemned, could not agree with the district for its price.   The statute requires that, before condemnation, "the proprietor of the land shall refuse to convey the same, or cannot agree with the district 'for the price thereof." Pub. Stat. R. I. cap. 56, § 5.   The records of the district do not show that the district ever authorized any person to procure a conveyance, or to agree on its behalf with the appellant, but only show that at a meeting held three days after the school committee had selected the lot, the trustee of the district, who had been appointed to ask the school committee to select a lot, reported that he was unable to get any price on it.   The records of the district are clearly defective in this particular, since a refusal to give the trustee a price cannot be held to be a refusal to give the district a price, and does not show that the appellant could not have agreed with the district, the trustee having no authority to represent the district.   The counsel for the district contends that the acceptance of the trustee's report amounted to an adoption of his agency, and supplies the want of a prior appointment.   We do not think the acceptance can have this effect, there being nothing to show that the appellant received the trustee as the representative of the district, and intended to have his refusal to treat with him regarded as a refusal to treat with the district.   Broom's Legal Maxims, *876; *Mathewson* v. *Thompson*, 12 R. I. 288, and cases there cited. Nor do we think the defect is aided by the record of the school

committee, since their record does not state or find it to be a fact that the district and the appellant could not agree, but only that the trustee so stated when he applied for the appointment of appraisers. The trustee was called as a witness by the district, and testified that, " after the school committee located the site, I was directed to buy the land of Howland. I saw him and he would not sell, and I reported to the district." The counsel for the district contends that the defect is supplied by this testimony. The district and the school committee were acting in pursuance of a special jurisdiction, and according to the ordinary rule it was for them to show affirmatively that they acted within their authority, or the contrary will be presumed. The weight of authority is that oral testimony is inadmissible to rebut this presumption, though there are cases which allow it in collateral proceedings. 1 Smith Lead. Cas. *816, *817. Here the proceeding is not collateral but direct, and in such a proceeding the rule applicable in all tribunals is that the jurisdictional facts must appear of record, or, upon objection duly taken, the cause will be quashed or dismissed, unless the defect can be cured by amendment. A demurrer to this proceeding, if it were the proper mode of objecting, would have to be sustained. *Hawkins* v. *Hawkins's Adm'r*, 28 Ind. 66, 73; *Gunn* v. *Howell*, 27 Ala. 663 ; *Trimble* v. *Longworth*, 13 Ohio St. 431, 436, 439. The court say in the last named case : " The distinction between cases where the validity of the record of a court of general jurisdiction is drawn in question collaterally, and those in which such record is directly impeached by writ of error, or bill of review, is broad and well defined. In the one case, jurisdiction is presumed *primâ facie* unless the record disproves it, while in the other, if it is denied, its existence must be proved by the record itself." And, *à fortiori*, must it be proved by the record, if denied, when as here the jurisdiction is special. The district and the school committee, in condemning land for school purposes, perform a public function judicial in its nature, and their records are the proper proof of their acts. We have come to the conclusion that the motion to quash ought to have been granted. The motion, however, was unreasonably delayed. It might have been made immediately after the proceeding was brought to the Court of Common Pleas on appeal, and, if then made, much trouble and

expense would have been avoided. Under Pub. Stat. R. I. cap. 217, § 5, and cap. 220, § 20, we can allow costs or not in a proceeding like this. We shall order the proceeding quashed without costs.                                *Ordered accordingly.*

  *Charles Acton Ives,* for appellant.

  *Ziba O. Slocum,* for appellee.