May Term, 1854.

DOE<br>v.<br>ANDERSON.

---

Doe on the demise of PLATTER and Others *v.* ANDERSON.

The R. S. 1843 required that the heirs of an intestate should, if residents of the state, be personally served with notice of a petition filed by the administrator to sell real estate, and of the time and place of hearing the same.

The guardian of infant heirs could not waive the personal service of such notice upon them.

A sale of the land of infant heirs, upon an administrator's petition under the R. S. 1843, can be impeached collaterally, if the infants, having been residents of the state, were not personally served with notice of the petition, and of the time and place of hearing the same.

It will not be presumed, in a collateral proceeding, that the Court had jurisdiction of the person of resident infant defendants, at the hearing of such a petition, where the adverse party has, in such proceeding, directly admitted the contrary.

In a proceeding by an administrator, under the R. S. 1843, to sell land of an intestate, the record showed that the petition was filed in open Court, and that thereupon the guardian of the defendants, who were infants, and resi-

May Term,
1854.

Doe
v.
Anderson.

Tuesday,
May 23.

dents of the county, appeared and "waived the necessity of notice" to them, &c.; whereupon the Court proceeded to order a sale, &c. *Held*, that the record disclosed that the Court had no jurisdiction of the defendants.

ERROR to the *Ripley* Circuit Court.

Davison, J.—This was ejectment for a tract of land in *Ripley* county. The Court tried the cause, and found for the defendant. Motion for a new trial overruled, and judgment upon the finding of the Court. The facts of this case, agreed on by the parties, are these:

In the year 1839, *Henry Platter* died seized of the premises in controversy, leaving *Peter, Sarah, Elizabeth, John, Jonathan, Mary*, and *Amanda Platter* his children and heirs at law, who are the lessors of the plaintiff. At the *November* term, 1844, the administrator of said deceased appeared in the Probate Court of *Ripley* county, and filed his petition, representing the insufficiency of the assets then in his hands to pay the debts of the deceased, &c., and praying for an order to sell certain real estate therein described, being the same now in dispute. Thereupon one *John A. Beall*, the general guardian of said heirs, appeared to the suit. As to them, "he waived the necessity of notice," and answered the petition, alleging that he did not admit or deny the things therein charged. The Court then made an order directing the sale of the land. The administrator sold it to the defendant, and reported the sale thereof to the Court at the *May* term, 1845. The sale was confirmed; and the Court, at a subsequent term, appointed a commissioner to convey the land to the purchaser. A deed was accordingly made and delivered, and under it the defendant claims title to the premises. At the time of the commencement and pendency of the proceedings relative to said sale and conveyance, the plaintiff's lessors were minors and residents of *Ripley* county; but no process was issued on said petition; nor had they any notice whatever of the suit in which the order directing the sale of said land, was made; nor were they, or either of them, personally present in the Probate Court at the filing, or at any time during the pendency of the said petition.

The premises in question were sold under a statute which provided that "no order for such sale shall be made until notice of the petition, and of the time and place of hearing the same, shall have been given to the heirs," &c., "interested in such estate;" that "such notice shall be served on them personally, if residents of the state, at least ten days before the time for hearing such petition;" and "if it shall appear," &c., "that any of the heirs," &c., "are minors, the Court shall, before the hearing of such petition, appoint some suitable and discreet person the guardian of such minors, for the sole purpose of appearing for them and taking care of their interest in the said proceedings." R. S. 1843, p. 528 (1).

May Term, 1854.<br>Doe<br>v.<br>Anderson.

The decedent's heirs, being residents, were, no doubt, entitled to personal notice of the petition and proceedings stated in the record, unless that requirement of the statute was superseded by the waiver of their guardian. We think he had no power to waive the service of notice. The statute was imperative, and plainly indicated a legislative intention that such service should not be omitted. The same act, by another section, provided that in all suits, &c., instituted under any of its provisions, in which infants might be defendants, they should appear by their guardian at law, or guardian *ad litem* appointed by the Court. R. S. 1843, p. 573. By this enactment the right of each guardian appears to be alike defined. Evidently the one appointed by the Court could not appear for minor defendants who had no notice of suit. Nor does any reason exist why the authority of the other should not be liable to the same construction.

The statute which required personal service upon resident heirs is clear, direct and positive. Courts must adhere to the obvious meaning of the language used by the legislature. Therefore, it is needless to discuss its wisdom. But it may be said to be in conformity with a correct administration of justice that the law does recognize the right of infants to know something of what is doing or done in their affairs; that it affords them time and oppor-

tunity to consult their friends relative to any legal proceeding instituted against them, and to furnish in defence of their rights such aid as may be within their power. In point of fact, the plaintiff's lessors were left in total ignorance of any of the proceedings in the Probate Court. This is conceded by the agreed statement of facts contained in the record.

But the defendant insists that as the Court had jurisdiction of the cause, its order directing the sale of the land can not be impeached collaterally.

That position is not correct. Until the heirs were personally served "with notice of the petition, and of the time and place of hearing the same," the Court had no authority to order the sale of the premises. R. S. 1843, c. 30, s. 223. Process should be served on infant defendants in the same manner as if they had been adults. 8 Blackf. 301. Without service or appearance, they are not within the jurisdiction of the Court. And the judgments of all Courts are void, unless they have jurisdiction of the parties as well as the cause. 4 Peters 446.

It is true, this Court has ruled that, "where the record discloses nothing on the point, jurisdiction of the person will be presumed." But such presumption will not be indulged against the direct admission of the defendant that the decedent's heirs had no notice of the suit in which the order of sale was made.

However, the record in evidence in this case is not silent on the subject of notice. It avers, expressly, that the "necessity of notice, as to the heirs, was waived." The inference from this averment is obvious. It would involve an absurdity to presume the infant heirs within the jurisdiction of the Court, when the record of the Court upon its face shows a waiver of the very step requisite to bring them within such jurisdiction.

In a late case in the Supreme Court of the *United States*, it was held that a judgment was a nullity, where it appeared in the proceedings that no regular process, either actual or constructive, had been served on the defendant. *Harris* v. *Hardeman*, 14 Howard 334. See also *Bloom* v.

*Burdick,* 1 Hill 130.—*Denning* v. *Corwin,* 11 Wend. 648.— May Term, *Babbitt* v. *Doe d. Brush,* 4 Ind. R. 355.

1854.

We are therefore of opinion that the order of the Probate Court directing the sale of the land, was a nullity, and that the defendant's deed conveyed no title (2).

DOE
v.
ANDERSON.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*P. L. Spooner,* for the plaintiff.

*J. Sullivan, J. R. Troxall* and *J. Ryman,* for the defendant.

(1) The R. S. 1852, in cases of applications of executors and administrators to sell land upon a deficiency of the personal estate to pay debts, &c., require a publication of a notice to the defendants, in a newspaper, of the time and place of hearing the petition, and the posting up of notices in three public places in the township where the land is situate, instead of personal service of a summons; and they expressly enact that such notice, as to minors, shall not be required, if their guardian shall signify in writing, his assent to the sale. 2 R. S. 1852, p. 265.

(2) *Doe d. Hawkins et al.* v. *Harvey,* 5 Blackf. 487, was ejectment for a tract of land in *Wayne* county. The lessors of the plaintiff were the children of one *H.,* to whom the land belonged at the time of his death. The Circuit Court, in 1825, on the application of his administrators (*H.* having died intestate) made an order that the land should be sold for the payment of his debts, &c. A written notice of the application was duly served on the general guardian of the lessors of the plaintiff, who were infants, the report of sale was confirmed, and a conveyance ordered to be executed.

The proceedings were under the R. S. 1824, which made it the duty of the administrator, *as soon as he should discover that the personal estate of the intestate was insufficient to pay the debts,* to take an inventory of the real estate, and have the same appraised, &c., and file the appraisement in the Circuit Court, and enacted that upon his suggestion that the personal estate of the decedent was insufficient to pay his debts, &c., the heirs of the intestate should be "summoned," and if they could not show cause, &c., the Court should decree that the land, or a sufficient part of it to supply the deficiency of the personal estate, should be sold, &c. R. S. 1824, pp. 317, 318.

It was *held,* that as the Circuit Court had jurisdiction of the subject-matter, and notice of the application for the order of sale had been duly served on the guardian, the order was not a nullity.

*Thompson* v. *Doe,* 8 Blackf. 336, was ejectment for a tract of land sold under an order of the Probate Court, upon an administrator's petition. The petition was filed at the *May* term, 1838, and, at the same term, the Court appointed a guardian *ad litem* for the heirs of the intestate, who were infants. The guardian thereupon filed an answer for them, admitting the allegations in the petition; and the Court, at the same term, ordered a sale of the land. The administrator accordingly sold the land, the Court confirmed the sale, and a deed was executed to the purchaser. The Supreme Court *held,* that the order of sale was erroneous, but not a nullity; and that the purchase under it was valid.

The case in the text may probably be deemed to overrule these cases.