———— ◆◆ ————

## GUY v. PIERSON and Others.

JURISDICTION—DECEDENT'S ESTATES.—In an application by an administrator for an order to sell real estate, if the record show that the heirs were not otherwise notified of the pendency of the proceedings than by the appointment of a guardian *ad litem* for them, and citing him to appear and show cause why the property should not be sold, the Court would have no jurisdiction over them, and the proceeding as to them would be a nullity.

SAME—PRACTICE.—In such a proceeding, if the record fail to name the heirs otherwise than by the general designation, "heirs," the

Guy *v.* Pierson and Others.

proceeding will also be void as to them, and there could arise no presumption that the Court had acquired jurisdiction over any other persons than those named, and, in such case, the heirs could not prosecute an action for review of the proceeding, because they were not parties to it; but it would be otherwise if the proceedings had been against them as *unknown* heirs.

APPEAL from the *Morgan* Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellees.

The complaint alleges that, in 1837, *Laban Guy,* the father of the plaintiff, was seized in fee of a certain parcel of land, described in the complaint, and in that year died, leaving a widow, and some other children, naming them, besides the plaintiff; that afterwards, in the year 1838, *James Johnson,* the administrator of the estate of the deceased, procured an order from the Probate Court of said county for the sale of said land, for the payment of the debts of the deceased; that the children and heirs of the deceased were not made parties to the application for such sale; that in *October,* of the same year, the land was accordingly sold to said *Pierson;* and that, in 1841, the sale was confirmed, and a conveyance made to said purchaser. The record of the proceedings of the Probate Court is set out and made a part of the complaint. It is further averred, that at the time of the sale, &c, the plaintiff was an infant, and did not arrive at 21 years of age until the 22d day of *October,* 1858; that since said sale, the said *Pierson* has had possession of the land, and has received the rents and profits thereof, amounting to 1,050 dollars per annum over expenses, &c. It is alleged that the proceedings of the Probate Court are erroneous, &c. Prayer for a review, &c., and that the plaintiff may recover possession of one-fourth of the land, with the value of the rents, and profits, and damages, and for general relief.

*Pierson, Johnson,* the administrator, and others, were made defendants.

The defendants filed a joint demurrer to the complaint, on the ground, amongst other things, that it did not state facts sufficient, &c. The demurrer was sustained, and exception taken.

In order to determine the correctness of the ruling on the demurrer, it is necessary to examine the proceedings of the Probate Court, and ascertain whether the objection made, viz: that the Court had no jurisdiction of the parties, is well taken.

The petition or application for an order for the sale of the land does not mention the names of the heirs of the deceased, nor does it in any manner allude to them. Upon the application being filed, the record proceeds as follows: " And the matters being considered, the prayer of said administrator is granted, and it is ordered that *Abraham Lafever* be, and he is, hereby appointed a guardian *ad litem* for the minor heirs of said *Laban Guy,* deceased; it is therefore ordered that said *Abraham Lafever,* guardian *ad litem,* and *Nancey E. Guy,* the widow of said decedent, be cited to appear in this Court on the first day of the next term, and show cause, if any they have, why said real estate shall not be sold and made assets for the discharge of the debts against said decedent's estate." At the next term the record states, that "whereas *James Johnson,* the administrator of the estate of *Laban Guy,* deceased, at the last term of the Court, filed his memorial, setting forth that the personal estate of said decedent was insufficient for the payment of his debts, and showing sundry messuages and tenements, which were the real estate of said decedent at the time of his death, and praying an order of the Court for the sale of the real estate, and the heirs of said decedent having been duly notified herein, and no cause shown to the contrary, and *Abraham Lafever,* the guardian

*ad litem* for the minor heirs of the decedent now comes and files his answer herein in the words and figures, following, to-wit: (here follows the answer of the guardian *ad litem,*) admitting the insufficiency of the personal estate of the decedent to pay the debts against said estate, and that he knows of no reason why the said real estate should not be sold and made assets for the purpose of discharging the said debts: it is ordered," &c.

It will be noticed that *Lafever* was appointed guardian *ad litem* for the minor heirs immediately on the filing of the petition, and, it is to be inferred, in his absence; for it was ordered that he and the widow be cited to show cause, at the next term, why the land should not be sold. At the next term, when the land was ordered to be sold, the record recites that the heirs had been duly notified therein. The record contains no process or notification whatever. The natural interpretation of this record is, that the heirs had been notified by citing the guardian *ad litem,* as previously ordered by the Court. If this was the only notification given the heirs, the Court had no jurisdiction over them, and, as to them, the proceeding was a nullity. *Doe* v. *Anderson,* 5 Ind. 33.

But whether the above be the true interpretation of the record or not, there is another fatal defect in the proceedings which renders them void as against the plaintiff. The record nowhere names the heirs of the deceased. They are nowhere mentioned, except by the general designation, "heirs." There is no such thing as an adversary proceeding in Court against a party without naming him, unless it be in special cases where the statute authorizes it. Suppose, in this case, process had issued to the sheriff, directing him to notify "the heirs" of the decedent; upon whom would he have served it? He undoubtedly would have served it upon those whom he supposed to be heirs; but it was not for him to determine

Guy *v.* Pierson and Others.

who were or who were not heirs. If process was served upon individuals by name, as such heirs, the record should have disclosed such names. The record not disclosing the names of the heirs, there is no foundation to presume that the Court had acquired jurisdiction over any person, except the widow, who was named. *Babbitt* v. *Doe*, 4 Ind. 355. The persons who were the heirs of the deceased can not be regarded as parties to the proceeding in the Probate Court, and as to them it was a nullity. For the reason that the plaintiff herein was not a party to that proceeding, he can not maintain a complaint to review it. *Davidson* v. *Lindsey*, 16 Ind. 186.

Where a statute authorizes a proceeding against unknown heirs, without naming them, as in section 40 of the code, such heirs may undoubtedly maintain proceedings for a review, because they are then parties; but such was not the case here. And for the reason that the plaintiff was not a party to the proceeding in the Probate Court, he is not bound by that proceeding, and his title to his share of his father's estate has not passed from him. The complaint, leaving out of view the prayer for a review of the proceedings of the Probate Court, states a good cause of action against *Pierson;* it shows that the plaintiff is entitled to recover his share of the land, and that the defendant is in possession. There is also a sufficient prayer for a recovery of the possession, &c. The demurrer was filed by all the defendants; and not being well taken as to one of them—*Pierson*—it should have been overruled.

*Per Curiam.*—The judgment below is reversed, with costs.

*William R. Harrison, Samuel H. Buskirk, Joseph E. McDonald* and *A. L. Roache,* for the appellant.

*Hester & Phelps,* for the appellees.