Martin, Administrator, *et al. v.* Neal *et al.*

Judgment affirmed.

Filed Oct. 30, 1890.

---

No. 14,467.

MARTIN, ADMINISTRATOR, ET AL. *v.* NEAL ET AL.

DECEDENTS' ESTATES.—*Sale of Real Estate to Pay Debts.—Mortgaging and Leasing of Real Estate.—Necessity of Notice to Widow and Heirs.—Invalidity of Order Without Notice.—Collateral Proceedings.*—An administrator *de bonis non* filed an application for the sale of real estate to pay the decedent's debts. Notice of said application was given to the widow and heirs. Afterward, and at a subsequent term of court, the administrator filed an application in said cause setting forth his inability to sell the real estate, and recommending that he be authorized to mortgage it, and to take possession of and lease the same. The court made an order to that effect the same day that the application was filed. Afterward a further application was filed by the administrator, praying for a modification of said order, which modification was made on the same day the application was filed. The mortgage and lease were approved by the court. No notice of the proceedings to mortgage and lease the real estate was given to the widow or heirs.

*Held,* that the order of the court authorizing the mortgaging of the land and the leasing of the same for a term not exceeding five years was void, and could be attacked in a collateral proceeding, and that it constituted no defence to an action by the widow to recover the possession of the real estate, and damages for its detention. MITCHELL, J., dissents.

SAME.—*Mortgaging and Leasing of Real Estate.—Notice Must be Given to Interested Parties.*—The real estate descends to the widow and the heirs on the death of the ancestor, and notice must be given to those interested in the real estate, that they may be heard, and offer evidence controverting the justice or policy of ordering a sale. The same applies in reference to mortgaging or leasing the real estate. Some notice must be given to those interested in the land, that they may be heard and

given an opportunity to controvert the justice or policy of encumbering or leasing the real estate. The application to mortgage and lease the real estate can not be grafted into and made a part of the proceedings for the sale of the same.

SAME.—*Real Estate.—Action to Recover Possession.— Widow's Interest.—Answer in Denial.—Effect of.—Demurrer.—Plea in Abatement.—Tenant in Common. —Right of to Sue for Co-Tenants.*—Where the complaint alleged that the plaintiff, the widow of the decedent, was the owner in fee of all the real estate described therein, she claiming under a will, and the court found that she took under the statute, a finding and judgment that she had a right to recover all the real estate were erroneous, not being supported by the evidence, as she owned but an undivided one-third in fee of said real estate. An answer in denial put the ownership of the land in issue. It was unnecessary to demur for defect of parties, or to plead in abatement to raise the question. Under section 1073, R. S. 1881, one tenant in common has no right to sue and recover in his own name the interest of his co-tenants in real estate.

From the Boone Circuit Court.

*J. A. Abbott* and *S. M. Ralston,* for appellants.

*T. W. Lockhart, S. Neal, C. S. Wesner* and *E. D. Wesner,* for appellees.

OLDS, J.—This action was brought by the appellees, Laura A. Neal and Stephen Neal, her husband, against the appellants Jonathan O. Thompson and Ulysses S. Thompson, for the possession of certain real estate described in the complaint, and for damages for the detention thereof, and afterward appellant Thomas H. Martin, administrator *de bonis non* of the estate of George Kernodle, deceased, was, by order of court, made a party. Issues were joined on the complaint. It appears from the record that George Kernodle died testate, the owner of the land in controversy, leaving surviving him the appellee Laura A. Neal, his widow, who afterwards married her co-appellee; that said George Kernodle had children by other marriages, and as the issue of the marriage with Laura A. he left surviving him four children, viz.: Joanna, Charles, Harvey, and Jennie.

On January 22d, 1874, Kernodle made a will, by which

he devised to his wife, Laura A., all his property, real and personal, after the payment of funeral expenses and just debts, to have, use, and hold the same until their youngest child arrived at the age of twenty-one years, at which time the wife was to take one-third of all his property, real and personal, and dispose of the remainder; giving to each of his children by Laura A. $1,000, the balance to be divided equally between them and his son John M. If the wife takes by the will, she takes by this provision, the land in controversy being part of the home farm. Afterward, on the 24th day of March, 1879, Kernodle made a codicil to his will, in which it was stated that he had become indebted, and by the codicil he devised certain of his real estate, other than the home farm and that in controversy, to his wife in fee simple, that she might sell the same and pay his debts. Kernodle died May 15th, 1879, and his widow married Stephen Neal May 13th, 1880. All the children are still living.

The appellee Laura A. sold the land devised to her in fee simple, and applied the proceeds to the payment of debts. She also sold the personal property, receipting for $499.55 of the same as widow, and applied the remainder to the payment of debts. The proceeds of such real estate devised for the payment of debts, and the amount received from the sale of personal property, being insufficient to pay the debts, she then qualified as administratrix and filed a petition setting forth her doings prior to that time, and asked for an order for the sale of the home farm, consisting of one hundred and sixty acres, to pay the balance of the debts, alleging that it could not be divided without injury, and asking that the whole tract be ordered sold, and that she be permitted, after paying the debts of the estate, to invest the residue of the proceeds arising from the sale in other real estate, either in Indiana or Iowa, and such real estate so purchased to be disposed of according to the provisions of said will when said youngest child became twenty-one years old.

The court on this petition did not order the sale of the whole tract, but ordered the sale of forty acres of the same. She, as such administratrix, made a contract for the sale of the forty acres, which was afterwards perfected by the administrator *de bonis non*, and the proceeds applied by order of the court to the payment of a mortgage on the farm. Laura A., as such administratrix, made a report, giving an account of her management of the estate before her appointment, and resigned her trust, which report was approved and her resignation accepted. The appellee Laura A., before resigning, moved to Iowa. She also filed a supplemental petition asking for the sale of all the land, and for an order investing the funds in excess of the amount required to pay debts as requested in her original petition, and this supplemental petition was still pending when she resigned. Prior to her appointment as administratrix she had purchased and received a deed for all the interest of John M. Kernodle in the estate of his father.

The appellant Thomas H. Martin was appointed administrator *de bonis non* of said estate after the resignation of Laura A., and on the 27th day of February, 1884, filed a petition asking an order for the sale of all of said farm, and that the proceeds remaining after the payment of debts be distributed to the devisees or invested in real estate as the court might direct. Notice was given, and on the 20th day of February, 1885, the court made an order for the sale of the real estate at private sale, for not less than the appraised value, and on terms named in the order. Martin, being unable to sell the real estate, on the 26th day of June, 1885, filed an application in said court, in said cause, setting forth the fact that he was unable to sell the real estate, and recommending that an order be made authorizing him to borrow $1,400 and mortgage said real estate to secure the same for the purpose of relieving the land from tax sales and paying the debts of the estate, and for an order authorizing him to take possession of and lease the same. With-

Martin, Administrator, *et al. v.* Neal *et al.*

out any notice as to the filing or pendency of this petition, the court, on the same day it was filed, made an order authorizing the said administrator *de bonis non* to mortgage said real estate, and to take possession of and lease the same for a period not to exceed five years. Afterward, on the 10th day of September, said administrator filed another petition asking for a change in the order authorizing him to mortgage the real estate, and without any notice having been given of the filing or pendency of such petition, the court, on the same day it was filed, made an order authorizing the administrator to negotiate a loan at eight per cent. interest, and to pay a commission to a broker to obtain such loan. Afterward the administrator reported the making of such loan, and the mortgage executed to secure the same, to the court; also, that he had leased the premises to tenants for the period of one year, and the court approved the loan, mortgage and lease.

Before the appellee Laura A. moved to the State of Iowa she leased the land to a tenant who was in possession of the same when possession was claimed and taken by Martin, administrator.

There was a finding and judgment for the appellees against Martin for the value of one year's rent, $409, and for the possession of the real estate.

The appellants filed a motion for a new trial, assigning the following reasons:

*First.* The assessment of the amount of recovery is erroneous, being too large.

*Second.* The decision of the court is not sustained by sufficient evidence.

*Third.* The decision of the court is contrary to law.

*Fourth.* Because the damages are excessive.

The first question presented by the record is as to the validity of the order of the court authorizing the administrator *de bonis non* to mortgage the real estate to raise money to pay the debt, and to take possession of and lease the same

for a term not exceeding five years. If this order is valid and binding on the appellee, or is of such validity as to withstand a collateral attack, then the appellee had no right to the possession or to damages for the detention. It is contended by counsel for the appellant that it is valid; that, at least, it has such validity that it can not be attacked in a collateral proceeding, as is attempted in this case.

It is essential to the validity of the order that the court had jurisdiction of the parties, and the subject-matter of the action. *Beard* v. *Beard*, 21 Ind. 321; *Mitchell* v. *Gray*, 18 Ind. 123; *Joyce* v. *Whitney*, 57 Ind. 550; *Smith* v. *Hess*, 91 Ind. 424.

Our statute provides for the sale of real estate by administrators for the payment of debts, and points out the mode in which the same may be done, specifically providing when real estate may be sold to pay debts; what facts should be alleged in the petition; what notice shall be given, and that upon the hearing if the court shall find the material facts stated in the petition to be true, it shall enter a decree for the sale. Section 2368 also provides that the court may authorize the mortgaging, or leasing, of real estate for a term not exceeding five years, by the administrator, but such authority shall only be given by the court "if it shall appear that the money necessary to be raised can be procured thereby to the interest of the estate."

The circuit court probably has jurisdiction of the subject-matter, and the right to make an order, in a proper case, for the administrator to mortgage and lease real estate, instead of ordering it sold; but in such case it would be incumbent on the administrator to show to the court that it would be to the interest of the estate to thus mortgage or lease the real estate, and manifestly the heirs, or owners, of the real estate would have the right to controvert the fact that it was to the interest of the estate.

In Schouler Exec. and Admr. (2d. ed.), section 516, it is said: "In connection with the payment of debts, legacies,

and charges, or for other stated purposes, a personal representative may, as some American statutes provide, be licensed to mortgage real estate of his decedent. But the statute should be explicit, for the right to sell does not imply the right to mortgage the realty."

The real estate descends to the widow and the heirs on the death of the ancestor, and it is universally held that notice must be given to those interested in the real estate that they may be heard and offer evidence controverting the justice or policy of ordering a sale. Woerner Am. Law of Admr., pp. 1029, 1030, 1031. The same rule must apply in reference to mortgaging or leasing the real estate. Some notice must be given to those interested in the land, that they may be heard and given an opportunity to controvert the justice or policy of encumbering or leasing the real estate. We are referred by the appellants to a line of cases holding that where there has been some notice, although not a valid notice, and the court has taken jurisdiction and rendered a judgment, the judgment is not void and can not be attacked collaterally; that it is valid unless appealed from. But this does not come within that class of cases. In this case the record affirmatively shows that no notice was given of the filing or pendency of the petition for license to mortgage. It purports to be filed in the original case for the sale of the real estate and the order made upon the same day the petition is filed, and it falls within the holdings of numerous decisions of this court that where there is no notice at all the proceedings are void. *Guy* v. *Pierson*, 21 Ind. 18; *Martin* v. *Starr*, 7 Ind. 224. It has been held by this court that where the judgment has been collaterally attacked, if the record is silent as to service, the circuit court being a court of general jurisdiction, it will be presumed that process had been duly served. *Crane* v. *Kimmer*, 77 Ind. 215 (219). But in this case it is not contended that any notice was given, or attempted to be given, of the application to mortgage and lease the real estate. It affirm-

atively appears that it was sought to graft it into and make it a part of the proceedings for the sale of real estate after such proceedings had been heard, and order of sale made, so that unless we shut our eyes to the facts as disclosed by the record, we must know from the record that no notice whatever was given of the application to mortgage and lease the real estate, and for this reason the judgment is void and may be attacked collaterally.   *Smith* v. *Hess, supra.*

It can not be sustained, unless it is a part of the proceedings to sell the real estate ; and we are of the opinion that it is not.   The original application was for the sale of the real estate to pay debts ; nothing was said about mortgaging or leasing.   The statute authorizing a sale is separate from that authorizing the court to license administrators to mortgage and lease ; different facts are required to be proven to obtain the order.   The heirs might be willing to allow the real estate sold, but not to have it mortgaged, or *vice versa.* It seems to us that it could hardly be claimed, if an administrator should make an application to mortgage or lease real estate, and give notice, and those interested appeared and contested it, and the order was made, that afterward, and at a subsequent term of court, the administrator could go into court and file another petition in the same cause, and without further notice obtain a legal and valid order to sell. It is probably true that after the order to sell is granted the case remains in court until the sale is made and confirmed, for the purpose of carrying out the order and making the sale, and that the court would have the right, on application of the administrator, to change the order, or terms of sale ; but it certainly does not remain *in fieri* to such an extent that another and different proceeding can be grafted upon it.   The original proceeding to obtain an order to sell, of which notice was given, had been heard and determined, and the order made ; and at a subsequent term of the court an additional petition was filed asking license to mortgage and lease, the order to sell was not disturbed, but an addi-

tional order made giving the administrator license to mortgage and lease the land. Such order granting the license to mortgage and to take possession of, and lease the land, was void, and was no defence to appellee's action to recover the possession of the real estate, and for damages for its detention. This position is sustained by the decisions of *Gavin* v. *Board, etc.,* 104 Ind. 201; *Board, etc.,* v. *Fullen,* 111 Ind. 410; *Board, etc.,* v. *Fahlor,* 114 Ind. 176, where it is held in gravel road proceedings that the board of commissioners has power to make additional assessments, but notice must be given, or such additional assessments will be void.

The further question is presented as to the sufficiency of the evidence to sustain the finding of the court.

The complaint alleges that the appellee Laura A. is the owner, in fee simple, of all the real estate. The court found that the appellee Laura A. took under the statute. It follows, from this finding, that she is the owner in fee of the undivided one-third of the real estate; indeed, the uncontroverted facts show that George Kernodle died the owner of the real estate; and it is not contended by the appellees that Laura A. owns, in fee, more than the undivided one-third. As the complaint alleges absolute ownership in fee, and it is conceded that she owns but an undivided one-third in fee, we do not see upon what reasonable theory it can be contended, under the well-settled rule that a plaintiff in an action for the recovery of real estate must recover on the strength of his own title, that the appellee is entitled to recover possession of all the real estate, with damages for its detention. It is contended by counsel for appellee that appellants waive any defence on that ground by not demurring for defect of parties, or pleading in abatement; but the appellants file answers in denial, which puts in issue the ownership of the land; and certainly the appellee was not entitled to recover all the real estate by proving title to an undivided one-third. Under the complaint, the appellee Laura A. could recover only such portion of the real es-

tate as the evidence showed her to be the owner of. *Caspar* v. *Jamison*, 120 Ind. 58 (60); *Doe* v. *Abernathy*, 7 Blackf. 442 ; *Carver* v. *Carver*, 97 Ind. 497.

It is contended that by virtue of section 1073, R. S. 1881, the appellees have the right to recover all of the real estate, but this section gives no right to one tenant in common to sue and recover, in his own name, the interest of his co-tenants in real estate.

Inasmuch as the evidence only established the ownership of the appellee Laura A. to the undivided one-third of the real estate, and the finding and judgment were for all the real estate, the evidence did not support the finding, and the court erred in overruling the motion for new trial.

It is contended that the evidence establishes the fact that the appellee Laura A. made an irrevocable election to accept the provisions of the will of her deceased husband, and that she can not, therefore, claim under the law. As to whether or not she accepted the provisions of the will, or took under the law, was a fact to be determined by the court from all the evidence, and the court may have very properly found from the evidence that she took under the law. We do not think any facts are established from which the court can say, as a matter of law, that there was such an acceptance of the will as to deprive her of the right to take under the law.

For the error in overruling the motion for a new trial, the judgment must be reversed.

The judgment is reversed, with costs.

ELLIOTT, J., concurs in the conclusion.

MITCHELL, J., does not concur in the foregoing opinion in so far as it holds that the judgment ordering the real estate to be leased and mortgaged was absolutely void, so as to be subject to collateral attack.

Filed Oct. 30, 1890.