In re the Matter of the **ADOPTION OF L.C.E., Minor Child,**

**D.H., Appellant,**

v.

**J.H., and J.D.E., Appellees–Plaintiffs.**

No. 47A05–1008–AD–474.

Court of Appeals of Indiana.

Jan. 25, 2011.

Joyce A. Nies, Brandi R. Foster, Van Valer Law Firm, LLP, Greenwood, IN, Attorneys for Appellant.

Donald W. Francis, Jr., Francis Law Office, Bloomington, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

D.H. (Stepfather) appeals the adoption of L.C.E. by his maternal grandfather, J.D.E. (Grandfather). We reverse.

## FACTS AND PROCEDURAL HISTORY

Stepfather and J.H. (Mother) married on November 28, 1999. At that time, Mother had two children: Lo.H., who was born September 1997, and L.C.E., who was born in September 1999. Stepfather claims paternity of Lo.H., but the paternity of L.C.E. has not been established. Two children were subsequently born of the marriage: Le.H. in December 2001, and Li.H. in September 2004.

In June 2006, Stepfather filed for dissolution of marriage in Johnson County, Indiana.[1] On January 23, 2007, the Johnson County Circuit Court granted the dissolution of marriage without a hearing, after the parties had waived a hearing and drafted a settlement agreement. The Settlement Agreement, and thus the Decree of Dissolution of Marriage based thereon, determined custody, parenting time, and child support for Lo.H., Le.H., and Li.H., but did not mention L.C.E.

On April 16, 2009, Stepfather filed in the Johnson Circuit Court an Emergency Petition for Temporary Modification of Child Custody and Support, which was placed under the same cause number as the earlier divorce proceedings.[2] On April 28, the court granted temporary custody of the children to Stepfather and gave Mother parenting time.[3] On March 9, 2010, the parties filed a Waiver of Hearing and Agreed Entry for Modification of Custody and Child Support. The Agreed Entry relieved both parties of child support obligations, and stated the following regarding custody:

> 1. Physical custody of [Lo.H.], [L.C.E.], [Le.H.], and [Li.H.] is awarded to [Stepfather] to be effective as follows:
>
> > As to [Le.H.] and [Li.H.]—immediately[.]
> >
> > As to [Lo.H.] and [L.C.E.]—[Mother] will retain physical custody until the last day of the 2009–2010 school year, and at that time physical custody shall go to [Stepfather].
>
> 2. The parties shall continue to have joint legal custody of the children.

(App. at 13.) The trial court adopted the parties' agreement as its order.

On May 5, 2010, in Lawrence County Circuit Court,[4] Grandfather filed a petition to adopt L.C.E. Mother joined the petition, consenting to Grandfather's adoption but requesting she maintain her parental rights. In the petition, Grandfather noted "[Stepfather] is entitled to notice of these proceedings as there exists a prospective order of custody; however he has no standing to object to said adoption." (Id. at 4.) The Lawrence County Circuit Court sent notice of the adoption petition

---

1. The Record before us does not include a copy of this document.

2. The Record provided to us does not include a copy of this petition.

3. The Record before us does not contain a copy of this order, and the Chronological Case Summary from the Johnson County cause does not indicate which or how many children were relevant to Stepfather's petition.

4. Ind.Code § 31–19–1–2 places "exclusive jurisdiction in all adoption matters" in probate courts, if a county "has a separate probate court." Because Lawrence County does not have a probate court, Grandfather's adoption petition was placed on the docket in the Circuit Court.

to Stepfather. On June 1, the court held a hearing and granted the adoption.[5]

On June 4, Stepfather filed an objection to Grandfather's petition to adopt. In his objection Stepfather noted that he had custody of L.C.E. pursuant to an order of the divorce court. On June 9, Stepfather filed a motion to set aside Grandfather's adoption of L.C.E., because Stepfather had not received notice of the June 1 adoption hearing and had not given his consent for the adoption of the child in his lawful custody. Grandfather and Mother filed a motion to strike both of Stepfather's filings. The adoption court granted Mother's motion to strike and denied Stepfather's objection to the adoption.

## DISCUSSION AND DECISION

■ Stepfather appeals the denial of his motion to set aside the adoption. The trial court's decision whether to set aside a judgment is given substantial deference on appeal, *In re Paternity of Baby Doe,* 734 N.E.2d 281, 284 (Ind.Ct.App.2000), and we will reverse only if the trial court abused its discretion. An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

■ In reviewing the trial court's decision, we will not reweigh the evidence or

substitute our judgment for that of the trial court. *Id.* Upon a motion for relief of judgment, the movant must show sufficient grounds for relief under Ind. Trial Rule 60(B) and show that he has a good and meritorious defense to the cause of action. *Id.* A meritorious defense is one that shows, if the case was retried on the merits, the trial court's decision would be different. *Id.*

■ Stepfather argues his consent was required for the adoption of L.C.E. because a Johnson Circuit Court[6] order dated March 9, 2010, awarded him sole physical custody and joint legal custody of L.C.E. A copy of that order was attached to Stepfather's motion to set aside the adoption and, indeed, provides Stepfather with custody of L.C.E. Therefore, Stepfather is a legal custodian of L.C.E., *see Martin v. Neal,* 125 Ind. 547, 552, 25 N.E. 813, 815 (1890) (court order is valid if court issuing order has jurisdiction over parties and subject matter of the action), and has a meritorious defense to the adoption order he wishes to have set aside.

Mother and Grandfather respond by asserting Stepfather cannot be a lawful custodian because he "is not a parent, the biological father, the putative father, or a legal guardian ..." (Br. of Appellee at 5), because the Johnson Circuit Court did not have jurisdiction over L.C.E., as he was

---

5. The court reporter notified the parties that no transcript was available because the hearing was not recorded. In such a situation, Ind.App. Rule 31 allows for a "Statement of Evidence" regarding the parties' recollections of the hearing. No such statement was filed, and thus we do not know what evidence was presented at the hearing in support of the petition to adopt. We urge the Lawrence County Circuit Court to record future hearings.

6. A court that grants a divorce "has full and continuing jurisdiction, during the minority of the children, to periodically order and modify

custody." *Smith v. Smith,* 594 N.E.2d 825, 826 (Ind.Ct.App.1992). The March 2010 order adopting Mother and Stepfather's agreed modification of custody was entered under the same cause number as the divorce. We therefore presume the Johnson Circuit Court entered the modification of custody as part of its continuing jurisdiction over the divorce of Mother and Stepfather. *See Abels v. Monroe Co. Educ. Ass'n,* 489 N.E.2d 533, 540 (Ind.Ct. App.1986) ("We presume the trial court correctly applied the law and committed no error.").

not a child of the marriage, and because the Johnson Circuit Court had never named Stepfather a *de facto* custodian. However, this argument appears to be a request to review the validity of the Johnson Circuit Court order that gave Stepfather custody of L.C.E.—but that is not the appealed order before us. *Showalter v. Showalter*, 531 N.E.2d 538, 538 (Ind.Ct. App.1988), reh'g denied (issues regarding earlier order of support not reviewable in appeal of modification of child support decision). Neither does it appear the validity of that order should have been an issue before the Lawrence Circuit Court that received Grandfather's adoption petition. *See Traders' Loan & Inv. Co. v. Houchins*, 195 Ind. 256, 260, 144 N.E. 879, 880 (1924) ("One circuit court does not have jurisdiction to vacate, change, set aside, or modify a judgment of a court of similar jurisdiction or equal rank.").[7] Therefore, under Trial Rule 60(B)(8), Stepfather has reason for relief from the judgment entered granting adoption of L.C.E.

Furthermore, in all of Mother's assertions about the Johnson Circuit Court's custody order, she fails to acknowledge her apparent role in Stepfather's acquisition of custody of L.C.E. The Record indicates that order was, in fact, an Agreed Entry that Mother and Stepfather had provided to the court to resolve their disagreements. Mother's agreement with the resolution is indicated by her signature on that document. Any error that may have occurred when custody of L.C.E. was given to Stepfather was invited by Mother. *Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind. Ct.App.1989) (party may not complain of errors that he or she induced the trial court to make; a party many not invite error and then rely on such error as a reason for reversal, because error invited by the complaining party is not reversible error. Further, such errors are not subject to appellate review) (citations omitted). Putting aside all consideration of comity between trial courts, our legal system simply cannot permit a party to avoid her own settlement agreement by filing for an alternate solution in a different county. Our judicial system has multiple proper avenues for recourse, none of which circumvent the authority of one court in favor of another court of the same jurisdictional level. If Mother wishes a different custody arrangement for L.C.E. than the one to which she agreed in Johnson Circuit Court, she should petition that court.

Because the Johnson Circuit Court's order appears to be a valid order, Stepfather has custody of L.C.E. Ind.Code § 31–19–9–1(a)(3)[8] requires written consent of "[e]ach person, agency, or county office of family and children having lawful custody of the child whose adoption is sought" before a child under the age of eighteen may be adopted. Thus, Stepfather's consent is required for the adoption of L.C.E.

---

7. As we noted supra, there is no probate court in Lawrence County. Had the matter been decided in a probate court, the comity that exists here between the circuit courts would not necessarily be required. *See In re: Adoption of J.D.B.*, 867 N.E.2d 252, 256–257 (Ind. Ct.App.2007) (when two courts, such as a juvenile court and a probate court, have subject matter jurisdiction over a minor child, the goals of each proceeding must be determined to decide if the matters may be adjudicated simultaneously or if one court must give comity to another).

8. Mother and Grandfather cite Ind.Code § 31–19–9–8 for the premise Stepfather's consent is not required for the adoption of L.C.E. That statute lists those individuals from whom consent is not required, and Mother and Grandfather seem to premise their argument on the fact that Stepfather does not fall into any of the categories listed in that section. However, Ind. Code § 31–19–9–1, which lists those people whose consent must be given for an adoption, controls in this circumstance.

When a person with standing pursuant to Ind.Code § 31–19–9–1 objects to the adoption he or she must "file a motion to contest the adoption with the court not later than thirty (30) days after service of notice of the pending adoption." Ind.Code § 31–19–10–1(b). Stepfather was provided with notice of Grandfather's petition of May 5, 2010. Stepfather filed an objection to the adoption on June 4, which was twenty-nine days after the petition for adoption was filed. Therefore, the Lawrence Circuit Court had to consider Stepfather's objection prior to granting Grandfather's petition. However, the Court had granted Grandfather's petition prior to the expiration of the thirty days provided for objection to be filed and prior to receiving Stepfather's properly-filed objection. This was error.

The court erred when it failed to consider Stepfather's objection and grant his motion to vacate the adoption because Stepfather was L.C.E.'s legal custodian pursuant to the Johnson County order. We therefore reverse the grant of Grandfather's petition for adoption.

Moreover, because the Johnson County court had entered a custody order involving L.C.E., it currently holds jurisdiction over any issues related to his custody. *See* Footnote 6, *supra.* Thus the Lawrence circuit court has no jurisdiction and Grandfather's petition must be dismissed.

Reversed.

FRIEDLANDER, J., and MATHIAS, J., concur.