**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Feb 02 2012, 9:09 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JEFFREY ALLEN ROWE**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 46A04-1109-SC-476 |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

**APPEAL FROM THE LAPORTE SUPERIOR COURT**
The Honorable William J. Boklund, Judge
Cause No. 46D04-1008-SC-1018

**February 2, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Jeffrey Allen Rowe (Rowe), appeals the small claims court's dismissal of his claim for failure to pay the filing fee.

We reverse and remand.

ISSUE

Rowe present two issues on appeal, one of which we find dispositive and which we restate as the following issue: Whether the small claims court abused its discretion when it refused to waive the filing fee based on exceptional circumstances.

FACTS AND PROCEDURAL HISTORY

Rowe was incarcerated at Pendleton Correctional Facility (PCF) until his transfer on March 2, 2010 to the Indiana State Prison (ISP). On March 1, 2010, PCF officials took possession of certain items of Rowe's personal property and inventoried them in preparation for the move. Rowe alleges that his property included a fan, a hot pot, and headphones. After Rowe arrived at ISP, his property was placed in ISP's property room. When ISP personnel inventoried his property on March 5, 2010, the fan, hot pot, and headphones were missing. Subsequent attempts to recover his allegedly missing property were unsuccessful.

On July 26, 2010, Rowe filed a small claims action seeking the return of his missing items or compensation therefrom in the amount of $74.76. Also on July 26, 2010, Rowe filed his Verified Petition For An Order Waiving All Or Partial Filing Fees and Court Costs. In his petition, Rowe claimed that he was financially unable to pay court costs and filing fees. He stated that his sole source of income was $12.92, which he

2

receives monthly as state pay and that there were liens in excess of $380.00 on his prisoner account for filing fees, court costs, copying, and postage relating to several other legal endeavors. On August 18, 2010, the trial court denied his petition and indicated that if he did not pay a reduced filing fee of $2.62 within forty-five days, his claim would be dismissed. On October 18, 2010, Rowe filed an interlocutory appeal, challenging the denial of his petition to waive costs and fees. On January 19, 2011, we dismissed his interlocutory appeal for lack of jurisdiction. *See Rowe v. Ind. Dept. of Correction*, 940 N.E.2d 1228 (Ind. Ct. App. 2011), *trans. denied*.

On July 18, 2011, Rowe filed a Notification of Developments, a Verified Petition for an Order waiving All Filing Fees and Court Costs, an Affidavit of Special Circumstances, and a certified account statement. That same day, the small claims court entered into its chronological case history the following entry:

> MINUTE ENTRY
> Defendant files Notification of Developments and Verified Petition for an Order Waiving All Filing Fees and Court Cost - - DENIED; Affidavit of Special Circumstances. DEFENDANT GRANTED UNTIL AUGUST 20, 2011 TO PAY FILING FEE OR CAUSE SHALL BE DISMISSED.

(Appellant's App. p. 3). On August 29, 2011, the small claims court dismissed Rowe's cause of action without prejudice.

Rowe now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Rowe asserts that the small claims court abused its discretion when it denied his verified petition to waive all filing fees and court costs and instead ordered payment of a partial filing fee of $2.62.

3

Initially, we note that the appellee did not file a brief. When the appellee does not submit an answer brief, we need not undertake the burden of developing an argument on his behalf. *Howard v. Daugherty*, 915 N.E.2d 998, 999 (Ind. Ct. App. 2009). Rather, we will reverse if the appellant's brief presents a case of *prima facie* error.

In support of his argument, Rowe relies on Ind. Code section 33-37-3-3:

(a) When an offender confined by the department of correction commences an action or a proceeding without paying fees or other court costs under section 2 of this chapter, the offender shall obtain from the appropriate official of the correctional facility or facilities at which the offender is or was confined a certified copy of the prisoner's trust fund account statement for the six (6) months immediately preceding submission of the complaint or petition. The offender shall file the trust fund account statement in addition to the statement required under section 2 of this chapter.

(b) The offender shall pay a partial filing fee that is twenty percent (20%) of the greater of:

> (1) the average monthly deposits to the offender's account; or
> (2) the average monthly balance in the offender's account for the six (6) months immediately preceding the filing of the complaint or petition. However, the fee may not exceed the full statutory fee for the commencement of actions or proceedings.

(c) If the offender claims exceptional circumstances that render the offender unable to pay the partial filing fee required by this section, in addition to the statement required by section 2 of this chapter and the statement of account required by subsection (a), the offender shall submit an affidavit of special circumstances setting forth the reason and circumstances that justify relief from the partial filing fee requirement.

(d) If the court approves the application to waive all fees, the court shall give written notice to the offender that all fees and costs relating to the filing and service will be waived. If the court denies the application to waive all fees, the court shall give written notice to the offender that the offender's case will be dismissed if the partial filing fee is not paid no later than forty-five days after the date of the order, or within an additional

period that the court may, upon request, allow. Process concerning the offender's case may not be served until the fee is paid.

Rowe contends that despite his affidavit of special circumstances, the small claims court still ordered him to pay a reduced filing fee.

The statutory language clearly indicates that it is within the small claims court discretion to accept an offender's claim of exceptional circumstances. *See* I.C. § 33-37-3-3(d) ("If the court approves the application to waive all fees . . .). Here, Rowe has not presented us with exceptional circumstances which would establish that the small claims court abused its discretion.

However, the Official Certificate of Prisoner Account, as submitted by Rowe to the small claims court, indicates that Rowe's average monthly deposits were $3.28 and Rowe's average monthly balance was $.08. Based on this evidence, the partial filing fee, *i.e*, 20% of the average monthly deposits, was $ 0.65. Therefore, we conclude that the small claims court abused its discretion by imposing a filing fee of $2.62. We remand to the small claims court with instructions to impose a filing fee in the amount of $0.65.[1]

<u>CONCLUSION</u>

Based on the foregoing, we conclude that the small claims court abused its discretion in imposing a filing fee of $2.62.

Reversed and remanded with instructions.

FRIEDLANDER, J. and MATHIAS, J. concur

---

[1] In addition, Rowe asserts a constitutional claim based on Article I, section 12 of the Indiana Constitution. Because we decide Rowe's argument on statutory grounds, we do not need to reach his Constitutional argument. *See, e.g., Citizens Nat. Bank of Evansville v. Foster*, 668 N.E.2d 1236, 1241 (Ind. 1996).